1  Karen S. Spicker, SBN 127934
   Doan Law Firm, LLP
2  2850 Pio Pico Drive, Suite D
   Carlsbad, CA 92008
3  Phone (760) 450-3333 • Fax (760) 720-6082
   karen@doanlaw.com
4

5  Attorney for PLAINTIFFS

6

7

8                 UNITED STATES DISTRICT COURT

9         FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11  EDWIN AND KAREN HAMBERG,          )  Case No. 3:09-CV-02860-H-WMc
                                      )
12           Plaintiffs,              )  **SECOND AMENDED COMPLAINT SEEKING**
                                      )  **MONETARY DAMAGES, STATUTORY**
13                                    )  **DAMAGES, PUNITIVE DAMAGES,**
    vs.                               )  **INJUNCTIVE RELIEF AND DECLARATORY**
14                                    )  **RELIEF, FOR:**
    JP MORGAN CHASE BANK; CHASE       )
15  BANK USA, N.A.; JP MORGAN         )  **1) VIOLATION OF CAL. CIV. CODE §1788.17,**
    CHASE, N.A.; ZWICKER &            )      **(under 15 U.S.C. §1692c(a)(2));**
16  ASSOCIATES, PC, and DOES 3        )  **2) VIOLATION OF CAL. CIV. CODE §1788.17,**
    through 10, inclusive;            )      **(under 15 U.S.C. §1692c(c));**
17                                    )  **3) VIOLATION OF CAL. CIV. CODE §1788.17,**
             Defendants.              )      **(under 15 U.S.C. §1692d(5));**
18  _____ )  **4) VIOLATION OF CAL. CIV. CODE §1788.17,**
                                         **(under 15 U.S.C. §1692d(6));**
19                                       **5) VIOLATION OF CAL. CIV. CODE §1788.17,**
                                             **(under 15 U.S.C. §1692e(8));**
20                                       **6) VIOLATION OF CAL. CIV. CODE**
                                             **§1788.14(c);**
21                                       **7) VIOLATION OF CAL. CIV. CODE**
                                             **§1788.11(d);**
22                                       **8) VIOLATION OF CAL. CIV. CODE**
                                             **§1788.11(e);**
23                                       **9) VIOLATION OF CAL. CIV. CODE**
                                             **§1785.25(a), and;**
24                                       **10) INVASION OF PRIVACY**

25                                       **JURY TRIAL DEMANDED**

26                                       **AMOUNT IN CONTROVERSY: $59,914.33**

27

28

                    SECOND AMENDED COMPLAINT

# I.

## INTRODUCTION

1. Plaintiffs EDWIN AND KAREN HAMBERG (herein after "HAMBERG" and/or "PLAINTIFFS"), bring this lawsuit against Defendant, JP MORGAN CHASE BANK (hereafter "CHASE" and/or DEFENDANTS), Defendant, CHASE BANK USA, N.A. (hereafter "CHASE BANK USA, N.A.," "DOE 1," and/or "DEFENDANTS") Defendant, JP MORGAN CHASE BANK, N.A. (herein after "JP MORGAN CHASE BANK, N.A.," "DOE 1," and/or DEFENDANTS), and Defendant, ZWICKER & ASSOCIATES, PC (herein after "ZWICKER," and/or "DEFENDANTS") for violations of California Civil Codes §§1788.17, 1788.14, 1788.11, and 1785.25.

# II.

## FINDINGS AND PURPOSE OF

## CALIFORNIA CIVIL CODE §1788 et. seq..the RFDCPA

2. The California Legislature made the following **findings** and **purpose** in creating Civil Code §1788, the **RFDCPA**.

> *(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.*
>
> *(2) There is a need to ensure that debt collectors and debtors exercise their responsibilities to one another with fairness, honesty and due regard for the rights of the other.*
>
> *(3) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.*

/ / /

3.  On September 3, 1999, "urgency legislation" was passed adding Civil Code §1788.17 to the RFDCPA which incorporated therein nearly all of the provisions of the Federal Fair Debt Collection Practices Act ("FDCPA") which also superceded numerous provisions of the RFDCPA, such as Civil Code §1788.14, to the extent inconsistent, and which was enacted in 1977.

4.  The United States Congress has made the following **findings** and declaration of **purpose** under the **FDCPA**:

> (a)  *Abusive practices. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.*
>
> (b)  *Inadequacy of laws. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.*
>
> (e)  *Purposes. It is the purpose of this title [15 U.S.C.S. §§ 1692 et seq.] to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.*

## III.

## JURISDICTION

5.  Jurisdiction of this Court arises under California Code Civil Procedure 410.10 et seq.

## IV.

## PARTIES

6.  At all times alleged herein, Plaintiffs were individuals residing in the City of Carlsbad, County of San Diego, State of California and from whom Defendants sought to collect a consumer debt which was due and owing from Plaintiffs or alleged to be due and owing

from Plaintiffs. Plaintiffs are "debtors", as that term is defined by California Civil Code §1788.2(h).

7. Plaintiffs are preparing to file jointly for Chapter 7 bankruptcy. Plaintiffs will be scheduling and listing this claim as against Defendants at Schedule B, Personal Property, of their Bankruptcy Petition. Moreover, on Schedule C, Property Claimed Exempt, (Property debtor is entitled to) Plaintiffs will be specifically exempting this claim as against Defendants.

8. Plaintiffs are informed and believe that Defendant CHASE is a corporation and/or some other type of unknown business entity.

9. Plaintiffs are informed and believe, and thereon allege, that Defendant CHASE is in the business of issuing and/or servicing credit cards for individuals residing in the County of San Diego, State of California.

10. Plaintiffs are informed and believe that Defendant CHASE BANK USA, N.A. is a corporation and/or some other type of unknown business entity. Plaintiffs hereby designate Defendant CHASE BANK USA, N.A., as "DOE 1."

11. Plaintiffs are informed and believe, and thereon allege, that Defendant CHASE BANK USA, N.A. (DOE 1) is in the business of issuing and/or servicing credit cards for individuals residing in the County of San Diego, State of California.

12. Plaintiffs are informed and believe that Defendant JP MORGAN CHASE BANK, N.A. is a corporation and/or some other type of unknown business entity. Plaintiffs hereby designate JP MORGAN CHASE BANK, N.A., as "DOE 2."

13. Plaintiffs are informed and believe, and thereon allege, that Defendant JP MORGAN CHASE BANK, N.A. (DOE 2) is in the business of issuing and/or servicing credit cards for individuals residing in the County of San Diego, State of California.

14. Plaintiffs are informed and believe that Defendant ZWICKER is a corporation and/or some other type of business entity.

15. Plaintiffs are informed and believe, and thereon allege, that Defendant ZWICKER is in the debt collection business and working on behalf of companies that issue and/or

1     service credit cards for individuals residing in the County of San Diego, State of

2     California.

3   16.    Defendant CHASE is not an attorney or counselor at law, and in the ordinary course of

4     business Defendants regularly engage in debt collection as that term is defined in

5     California Civil Code §1788.2, and specifically disclosed in communications to

6     Plaintiffs that "this firm is a debt collector."

7   17.    Defendant ZWICKER is a law firm. In the ordinary course of business, Defendant

8     ZWICKER regularly engages in debt collection as that term is defined in California

9     Civil Code §1788.2.

10   18.    Defendants and each of them are "debt collectors," as that term is defined by California

11     Civil Code §1788.2(c) and each Defendant is a "person" as that term is defined by

12     California Civil Code §1788.2(g).

13   19.    The true names and capacities, whether individual, corporate, associate or other, of the

14     defendants sued herein as Does 3 through 10, inclusive, are unknown to Plaintiffs. When

15     the true names and capacities of such defendants are ascertained, Plaintiffs shall amend

16     this complaint to allege the same. Plaintiffs are informed and believe, and based thereon

17     allege, that each such fictitiously named defendant herein is responsible for each of the

18     acts and omissions alleged herein.

19   20.    For purposes of this Complaint, unless otherwise indicated, "Defendants" includes all

20     agents, employees, officers, members, directors, heirs, successors, assigns, principals,

21     trustees, sureties, subrogees, representatives, and insurers of Defendants and each of

22     them herein.

23   21.    The Defendants, and each of them, were acting on their own behalf and as the agents,

24     servants, partners, joint venturers, and employees of each other, and within the scope of

25     their agency, authority and employment.

26   22.    This case involves money, property or the equivalent, due or owing or alleged to be due

27     or owing from a natural person by reason of a consumer credit transaction. As such, this

28     action arises out of a "consumer debt" and "consumer credit" as those terms are defined

1    by California Civil Code §1788.2(f).

2

3                                      **V.**

4                                   **FACTS**

5                  **Plaintiffs Retained Doan Law Firm, LLP:**

6   23.   Defendants allege that Plaintiffs incurred a "debt" with Defendants and each of them, as

7         that term is defined by California Civil Code §1788.2(d) and 15 U.S.C. §1692a(5).

8   24.   On March 8, 2009, Plaintiffs retained DOAN LAW FIRM, LLP to dispute the validity

9         of the debt, to end communications on the debt under the RFDCPA, to eliminate all

10        personal liability on the debt via Title 11 of the United States Code, and ensure that

11        creditors accurately and completely report account information to each credit reporting

12        bureau.

13  25.   Specifically, DOAN LAW FIRM, LLP was retained to provide the following five (5)

14        services:

15        1)   Stop all future communications and harassment from creditors using Civil Code

16             §1788.14 and §1788.17 of the RFDCPA, (under 15 U.S.C. §1692 et. seq.), and

17             15 U.S.C. §1666(b) of the FCBA;

18        2)   Dispute the validity of the debt alleged based on 15 U.S.C. §§ 1692b and 1692c,

19             among other things, the statute of frauds, standing in light of securitization, set

20             off rights, improper fees and interest charges and other state and federal statutes;

21        3)   Ensure that creditors comply with Civil Code §1785.25(a) and correctly and

22             accurately report to credit reporting agencies information about Plaintiffs'

23             account, and fact that the enforceability was disputed;

24        4)   Eliminate personal liability using Title 11 of the U.S. Code; and

25        5)   Ensure that creditors comply with Civil Code §1785.25 and the Fair Credit

26             Reporting Act (FCRA).

27  26.   Plaintiffs paid money, in the amount of **$899.33**, to Doan Law Firm, LLP for the

28        foregoing services.

27. The purported debt owed to Defendants is currently subject of a Chapter 7 Bankruptcy. Once discharged, Defendants have no further contractual rights to enforce the debt against Plaintiffs and Plaintiffs have no obligation to pay Defendants.

**Legal Help Was Provided To Protect Plaintiffs from Defendants:**

28. DOAN LAW FIRM, LLP sent two separate Cease and Desist notices to Defendant CHASE. To wit one Cease and Desist was sent to its offices in Palatine, Illinois and one was sent to its office in Wilmington, Delaware. Each written Cease and Desist notice was sent by Certified Mail on **March 9, 2009** directing Defendant CHASE to cease all communications with Plaintiffs. The returned Certified Mail Receipts indicate that said letters were delivered on **March 12, 2009** to Palatine, IL, and **March 16, 2009** to Wilmington, DE. True and correct copies of the said Cease and Desist Orders and their corresponding Certified Mail Receipts are attached hereto collectively as **Exhibits "A-B"** and incorporated herein.

29. Since Defendants continued to illegally communicate with Plaintiffs, DOAN LAW FIRM, LLP sent to Defendant CHASE, to its offices in Palatine, Illinois and Wilmington, Delaware, two (2) **additional** written "Cease and Desist Orders" by Certified Mail on **May 8, 2009**, directing defendants to cease all communications with Plaintiffs. The returned Certified Mail Receipts indicate that said letters were delivered to Palatine, Illinois on **May 12, 2009**, and to Wilmington, Delaware on May 19, 2009. True and correct copies of the said Cease and Desist Orders and their corresponding Certified Mail Receipts are attached hereto collectively as **Exhibits "C-D"** and incorporated herein.

30. Accordingly, Defendants were sent **four (4)**[1] written Cease and Desist Orders.

1. Plaintiffs, in their original complaint and in their FAC, alleged a total of **five (5)** written notices of Cease and desist. Plaintiffs have removed the written notice to Defendant ZWICKER, as the court has deemed that this notice was not sent to a proper address, and is therefore insufficient as a form of notice. Plaintiffs maintain that Defendant ZWICKER was put on verbal notice, and therefore had actual knowledge that it was prohibited from contacting Plaintiffs.

31. In addition, Plaintiffs also **verbally notified** Defendant ZWICKER, on August 8, 2009, that they were preparing to file for Chapter 7 Bankruptcy protection, that they disputed the status of the debt, and that Defendants were legally obligated to cease and desist further contact with Plaintiffs.

32. Plaintiffs have notified Defendant CHASE, on multiple occasions that Plaintiffs have not documented in writing, that they were represented by Doan Law Firm, and that they had sent Defendants **four (4)** cease and desist notices.

33. Each of the written Cease and Desist Orders to Defendants specifically provided the following:

   a) Plaintiffs would soon be filing for Title 11 Federal Protection;

   b) Advised that Plaintiffs refused to pay the debt;

   c) Advised that Plaintiffs disputed the validity of the debt;

   d) Advised that Plaintiffs was now represented by an attorney, DOAN LAW FIRM, LLP with respect to the debt;

   e) Ordered that Defendants Cease and Desist all further communications with Plaintiffs with respect to the debt; and

   f) Advised that billing statements should be sent to a new address at 2850 Pio Pico Drive, Suite D, Carlsbad, CA 92008.

### Defendants Had Actual Knowledge Of Attorney Representation:

34. Defendant CHASE physically received and had actual knowledge of the Cease and Desist Orders.

35. Defendants herein were put on verbal notice to **Cease and Desist**, and had actual knowledge of said notice.

36. Defendants had actual knowledge of **attorney representation** by the DOAN LAW FIRM, LLP.

37. Defendants actually knew they had to **Cease and Desist** all further communications with Plaintiffs with respect to the debt.

38.   Defendants actually knew Plaintiffs **refused to pay** the debt.

39.   Defendants actually knew that Plaintiffs **disputed the validity** of the debt.

40.   Defendants actually knew Plaintiffs were preparing to file for **Federal Relief under Title 11**.

41.   Defendants actually **knew that they were now prohibited from contacting** Plaintiffs by all means.

42.   Defendants actually knew they could no longer call, write, send billing statements, statements of account, or any other communication, except legal process to Plaintiffs.

43.   Defendants knew they could only communicate with DOAN LAW FIRM, LLP.

44.   Defendants knew they could only call, write, send billing statements, and send statements of account, to the DOAN LAW FIRM, LLP at the new address provided.

45.   The Official Staff Commentary on Regulation Z 226.2(a)(22)-2 specifically provides:

    *"An attorney and his or her client are considered to be the same person for*
    *purpose of this regulation when the attorney is acting within the scope of the*
    *attorney-client relationship with regard to a particular transaction."*

46.   Defendants knew that any further communications of any kind with Plaintiffs was prohibited, unlawful, illegal, and would subject them to damages.

## Defendants Committed Unlawful Acts by
## Providing Incomplete and Inaccurate Information

47.   Plaintiffs sent Defendants **written** Cease and Desist orders on March 9, 2009 and May 8, 2009. True and correct copies of the Cease and Desist orders and their corresponding Certified Mail receipts are collectively attached hereto as Exhibits "A–D". Plaintiffs also **verbally** notified Defendant ZWICKER that they were represented by an attorney on August 8, 2009. Thus, Plaintiffs have documented a total of **five (5)** notices to Defendants to Cease communicating with Plaintiffs, and allege that additional instances of verbal notice took place, but Defendants did not cease their unlawful collection efforts.

1  48.  In the written Cease and Desist Orders sent by Plaintiffs to Defendants, the order clearly
2       stated that the Plaintiffs "disputed the validity of the alleged debt."

3  49.  Plaintiffs disputed the debt based on, among other reasons, the statute of frauds,
4       standing in light of securitization, setoff rights, improper fees and interest charges, and
5       other state and federal laws governing the ability to enforce the debt.

6  50.  Notwithstanding actual knowledge of the disputed liability on the debt, from on or about
7       March 2009 through present, Defendants willfully, intentionally, consistently and
8       purposely represented each month to credit reporting agencies that the debt was NOT
9       disputed by the Plaintiffs.

10  51.  Each month's intentional misrepresentation that the Plaintiffs did not dispute the debt,
11        resulted in numerous reports of incomplete and inaccurate information.

12  52.  As a result of Defendants conduct as alleged herein, Plaintiffs' credit report reflected on
13        a monthly basis false, incomplete, and inaccurate information.

14

15        **DEFENDANTS Committed (66) Unlawful Communications**

16  53.  Despite knowledge of attorney representation, Defendants intentionally, willfully,
17        deliberately, and knowingly, refused to abide by the laws of the RFDCPA, FDCPA , and
18        FCBA, as set forth in the Cease and Desist Orders and communicated with Plaintiffs in
19        regard to the alleged debt.

20  54.  Specifically, Defendants continued communications with Plaintiffs, as further evidenced
21        and verified by phone records, letter and billing statements. True and correct copies of
22        the same are attached collectively hereto as **Exhibits "E-H"** and incorporated herein.

23  55.  Defendants continued to send letters, billing statements and made phone calls to
24        Plaintiffs from March 2009 through October 2009, despite the fact that they received
25        written and verbal Cease and Desist Orders.

26  56.  The numerous correspondences evidence a pattern and practice wherein Defendants
27        engaged in unlawful harassment and abuse to coerce payment.

28  / / /

57. Upon receiving payment, Defendants represented that the harassment and abuse would
stop and Defendants would restore to Plaintiffs, their right to privacy and peace of mind.

58. The unlawful contact by Defendants can be summarized by the following chart:

| RFDCPA Violations | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Hamberg v. Chase** | | | | | | | |
| | | | | | | | |
| **Six (6) Notices:** (See Exhibits "A-D") | | | | | | | |
| | **Date** | **Type** | | **Notes** | | | |
| 1 | 3/9/2009 | Cease and Desist order | | Initial Notification | | Exhibit A | |
| | 3/12/2009 | Certified Mail Receipt Confirms Delivery | | | | Exhibit A | |
| 2 | 3/9/2009 | Cease and Desist order | | | | Exhibit B | |
| | 3/16/2009 | Certified Mail Receipt Confirms Delivery | | | | Exhibit B | |
| 3 | 5/8/2009 | Cease and Desist order | | | | Exhibit C | |
| | 5/12/2009 | Certified Mail Receipt Confirms Delivery | | | | Exhibit C | |
| 4 | 5/8/2009 | Cease and Desist order | | | | Exhibit D | |
| | 5/19/2009 | Certified Mail Receipt Confirms Delivery | | | | Exhibit D | |
| 5 | 8/8/2009 | Gave verbal notice to Zwicker | | | | Exhibit F | |
| | | | | | | | |
| **Sixty-Six (66) Contact Violations:** (See Exhibits "E-H") | | | | | | | |
| | **Date** | **Time** | **Type** | **Reference** | | **Notes** | |
| 1 | 3/17/2009 | N/A | Billing Statement | | | | |
| 2 | 3/27/2009 | 11:58 AM | Phone Call | From (888) 800-8738 | | | |
| 3 | 3/27/2009 | 11:59 AM | Phone Call | From (888) 800-8738 | | | |
| 4 | 3/31/2009 | 3:23 PM | Phone Call | From (800) 788-7000 | | | |
| 5 | 3/31/2009 | 3:24 PM | Phone Call | From (800) 788-7000 | | | |
| 6 | 4/1/2009 | 7:00 PM | Phone Call | From (800) 544-9635 | | | |
| 7 | 4/2/2009 | 3:27 PM | Phone Call | From (888) 800-8738 | | | |
| 8 | 4/2/2009 | 3:48 PM | Phone Call | From (800) 544-9635 | | | |
| 9 | 4/3/2009 | 3:31 PM | Phone Call | From (800) 544-9635 | | | |
| 10 | 4/6/2009 | 4:33 PM | Phone Call | From (800) 544-9635 | | | |
| 11 | 4/7/2009 | 10:18 AM | Phone Call | From (800) 544-9635 | | | |
| 12 | 4/8/2009 | 4:34 PM | Phone Call | From (866) 926-8937 | | | |
| 13 | 4/13/2009 | 1:22 PM | Phone Call | From (800) 544-9635 | | | |
| 14 | 4/15/2009 | 9:47 AM | Phone Call | From (800) 544-9635 | | | |
| 15 | 4/16/2009 | 10:04 AM | Phone Call | From (800) 544-9635 | | | |
| 16 | 4/17/2009 | N/A | Billing Statement | | | | |
| 17 | 4/17/2009 | 11:31 AM | Phone Call | From (866) 926-8937 | | | |
| 18 | 4/18/2009 | 9:55 AM | Phone Call | From (866) 926-8937 | | | |
| 19 | 4/22/2009 | 11:31 AM | Phone Call | From (800) 544-9635 | | | |
| 20 | 4/22/2009 | 11:31 AM | Phone Call | From (800) 544-9635 | | | |
| 21 | 5/17/2009 | N/A | Billing Statement | | | | |
| 22 | 6/17/2009 | N/A | Billing Statement | | | | |
| 23 | 7/16/2009 | 2:23 PM | Phone Call | From (866) 318-1531 | | | |

| 24 | 7/16/2009 | 6:42 PM | Phone Call | From (866) 926-8937 | |
| 25 | 7/17/2009 | N/A | Billing Statement | | |
| 26 | 7/22/2009 | 12:25 PM | Phone Call | From (866) 926-8937 | |
| 27 | 8/7/2009 | N/A | Letter | From Zwicker | |
| 28 | 8/7/2009 | 8:18 AM | Phone Call | From (978) 686-2255 | |
| 29 | 8/8/2009 | 9:23 AM | Phone Call | From (978) 686-2255 | Gave notice |
| 30 | 8/11/2009 | 8:07 AM | Phone Call | From (978) 686-2255 | |
| 31 | 8/11/2009 | 4:16 PM | Phone Call | From (978) 686-2255 | |
| 32 | 8/11/2009 | 7:47 PM | Phone Call | From (978) 686-2255 | |
| 33 | 8/12/2009 | 8:13 AM | Phone Call | From (978) 686-2255 | |
| 34 | 8/12/2009 | 5:38 PM | Phone Call | From (978) 686-2255 | |
| 35 | 8/13/2009 | 5:36 PM | Phone Call | From (978) 686-2255 | |
| 36 | 8/13/2009 | 7:16 PM | Phone Call | From (978) 686-2255 | |
| 37 | 8/15/2009 | 8:03 AM | Phone Call | From (978) 686-2255 | |
| 38 | 8/17/2009 | 8:51 AM | Phone Call | From (978) 686-2255 | |
| 39 | 8/17/2009 | 2:50 PM | Phone Call | From (978) 686-2255 | |
| 40 | 8/18/2009 | 8:04 AM | Phone Call | From (978) 686-2255 | Frequent Calling |
| 41 | 8/18/2009 | 8:13 AM | Phone Call | From (978) 686-2255 | Frequent Calling |
| 42 | 8/18/2009 | 8:32 AM | Phone Call | From (978) 686-2255 | Frequent Calling |
| 43 | 8/18/2009 | 8:39 AM | Phone Call | From (978) 686-2255 | Frequent Calling |
| 44 | 8/18/2009 | 6:12 PM | Phone Call | From (978) 686-2255 | Frequent Calling |
| 45 | 8/18/2009 | 7:53 PM | Phone Call | From (978) 686-2255 | Frequent Calling |
| 46 | 8/19/2009 | 8:57 AM | Phone Call | From (978) 686-2255 | |
| 47 | 8/20/2009 | 8:16 AM | Phone Call | From (978) 686-2255 | |
| 48 | 8/26/2009 | 3:54 PM | Phone Call | From (800) 544-9635 | |
| 49 | 9/14/2009 | 12:32 PM | Phone Call | Unavailable | |
| 50 | 9/16/2009 | 2:44 PM | Phone Call | From (866) 926-8937 | |
| 51 | 9/21/2009 | 11:18 AM | Phone Call | From (866) 926-8937 | |
| 52 | 9/22/2009 | 8:00 AM | Phone Call | From (978) 686-2255 | |
| 53 | 9/23/2009 | 5:26 PM | Phone Call | From (978) 686-2255 | |
| 54 | 9/24/2009 | 9:29 AM | Phone Call | From (978) 686-2255 | |
| 55 | 9/24/2009 | 1:23 PM | Phone Call | From (978) 686-2255 | |
| 56 | 9/24/2009 | 6:04 PM | Phone Call | From (978) 686-2255 | |
| 57 | 9/24/2009 | 7:00 PM | Phone Call | From (978) 686-2255 | |
| 58 | 9/24/2009 | 7:10 PM | Phone Call | From (978) 686-2255 | |
| 59 | 9/25/2009 | 9:29 AM | Phone Call | From (978) 686-2255 | |
| 60 | 9/29/2009 | 11:55 AM | Phone Call | From (978) 686-2255 | |
| 61 | 10/1/2009 | 5:12 PM | Phone Call | From (978) 686-2255 | |
| 62 | 10/5/2009 | 5:44 PM | Phone Call | From (978) 686-2255 | |
| 63 | 10/7/2009 | 3:15 PM | Phone Call | From (978) 686-2255 | |
| 64 | 10/7/2009 | 5:15 PM | Phone Call | From (978) 686-2255 | |
| 65 | 10/8/2009 | 2:05 PM | Phone Call | From (978) 686-2255 | |
| 66 | 10/8/2009 | 6:38 PM | Phone Call | From (978) 686-2255 | |
| | | | | | |
| | Exhibits "A-D " are Cease and Desist Orders, in temporal order. | | | | |
| | Exhibit "E" consists of phone calls documented online. | | | | |

| Exhibit "F" consists of written phone records. | |
|---|---|
| Exhibit "G" consists of billing statements. | |
| | |

59. Plaintiffs are informed and believe and based thereon allege that the calls are continuing and that there are additional violations under Civil Code §1788.17 and that discovery will reveal further violations.

## DEFENDANTS Willfully and Knowingly Violated the RFDCPA

60. As a "Debt Collector," Defendants and each of them are fully aware of California's debt collection laws, including the RFDCPA and the FDCPA to the extent incorporated therein.

61. Defendants and each of them are aware that full and complete compliance with the Truth in Lending Act ("TILA") may take place by communicating with Plaintiffs' attorney, pursuant to the Official Staff Commentary on Regulation Z 226.2(a)(22)-2, as set forth above.

62. There is no conflict of law between the RFDCPA and TILA since Defendants can comply with TILA by sending correspondence to Plaintiffs' attorney, instead of Plaintiffs.

63. Defendants knew each of their harassing communications were willful and knowing violations of Title 1.6C of the California Civil Code §1788 et. seq. and 15 U.S.C. §1692 et. seq. as incorporated therein.

64. Defendants' harassing communications, as set forth above, were willful and knowing violations of Title 1.6C of the California Civil Code §1788 et. seq., and 15 U.S.C. §1692 et. seq. to the extent incorporated therein.

65. Defendants' harassing communications, as set forth above, is part of an overall unlawful business pattern and practice whereby Defendants knowingly, willfully, and intentionally enterprised a profitable unlawful collection scheme to derive profits through the incomplete and inaccurate information and through harassing

remain

1 communications and intentional misinterpretation of TILA laws.

2 66. Defendants rarely, if ever, are pursued or sued over such harassing communications, and

3 reporting violations since very few debtors are aware that their rights are being violated,

4 rarely have the financial resources to pursue such claims, and/or very few attorneys are

5 willing to take on such cases.

6 67. Defendants are highly motivated to continue their harassing communications since any

7 payments made to resolve any judgments or settlements for such unlawful conduct are

8 minuscule when compared to the overall profits generated from such unlawful conduct.

9

10 **PLAINTIFFS Suffered Damages as a Result of DEFENDANTS' Conduct**

11 68. As a direct result of Defendants' harassing communications, Plaintiffs have incurred

12 actual damages consisting of mental and emotional distress, nervousness, grief,

13 embarrassment, loss of sleep, anxiety, worry, mortification, shock, depression,

14 humiliation, indignity, and other injuries. Plaintiffs, in reviewing the continued

15 correspondences, felt hopeless and felt there was no way out every time.

16 69. Plaintiffs incurred out of pocket monetary damages when attorney fees and costs were

17 paid to the DOAN LAW FIRM, LLP for services provided to protect Plaintiffs under the

18 RFDCPA, FDCPA, and FCBA, which ultimately failed.

19 70. Plaintiffs incurred additional incidental actual damages including, but not limited to, gas

20 and transportation costs traveling to DOAN LAW FIRM, telephone call charges,

21 postage, and other damages.

22 71. Plaintiffs continue to incur attorney fees and costs in filing this suit and bringing this

23 matter to trial.

24 72. Defendants' conduct has caused Plaintiffs unwarranted and unnecessary time, effort, and

25 expense in seeking to enforce rights guaranteed by California Statute. Plaintiffs have

26 incurred mental and emotional distress, nervousness, grief, anxiety, worry,

27 mortification, shock, humiliation and indignity, which will continue to trial.

28 / / /

73. Plaintiffs herein were on disability during and throughout Defendants' unlawful contacts. Plaintiff KAREN HAMBERG was recovering from injuries to her neck and back, and experienced exacerbated back pain when she had to answer Defendants' unlawful calls. Plaintiff advised Defendants of her medical conditions, but Defendants refused to listen and still continued to call, which exacerbated Plaintiff's condition.

74. Plaintiff EDWIN HAMBERG suffers from high blood pressure, for which he uses several prescription medications. Frequent calls and the stress associated therewith exacerbated his condition. Plaintiff advised Defendants of his medical conditions, but Defendants refused to listen and still continued to call, which exacerbated Plaintiff's condition.

75. Plaintiffs verbally advised Defendant CHASE that they were on disability, but Defendant CHASE did not stop contacting them, and in fact stated that they would continue to collect on the alleged debt. Such statements clearly indicate intent to harass Plaintiffs in an effort to coerce payment on the alleged debt.

76. On at least three (3) dates, Plaintiff KAREN HAMBERG was contacted five (5) or more times over the course of the day. These calls were distracting, and despite her repeated statements that she and Plaintiff EDWIN HAMBERG had retained an attorney, she could not convince Defendants to stop contacting her.

77. Plaintiff KAREN HAMBERG alleges that debt collectors for Defendant CHASE often used intimidating language, interrupted her and were rude and abrasive, all in an attempt to coerce payment. Defendants intimidated Plaintiff through aggressive calling tactics, and Defendants were mean spirited in continuing to call Plaintiffs when Defendants knew that continuing to call Plaintiffs was illegal, and in violation of RFDCPA and FDCPA.

78. Plaintiff KAREN HAMBERG further alleges that she would frequently attempt to explain that she was in bankruptcy and on disability, but was interrupted and cut off by Defendants' callers, who would attempt to mislead her as to the law, and misrepresent that Defendants had a right to continue to collect on the debt.

1  79.  In one such instance, one of Defendant CHASE'S callers spoke over Plaintiff KAREN
2       HAMBERG to the point that Plaintiff was forced to instruct the caller to "Stop and take
3       a deep breath".

4  80.  Defendants' conduct was abusive and misleading by wrongfully advising Plaintiff that
5       they had to pay the debt despite the fact that Plaintiffs were filing for bankruptcy.
6       Defendants knowingly and intentionally misrepresented that Plaintiffs had a continued
7       obligation to pay, in an attempt to coerce payment on the alleged debt.

8  81.  The frequent, persistent and unlawful calling has driven clients to feelings of deep
9       anxiety, and to the perception that they are under Defendants' constant surveillance.
10      Such tactics are invasive and offensive to any reasonable person.

11 82.  Defendants unlawfully contacted Plaintiffs so frequently and incessantly that the sheer
12      volume of calls would be offensive to any reasonable person.

13 83.  Defendants' actions were mean spirited when they continued to call Plaintiffs despite
14      knowledge that Plaintiffs were represented by an attorney and were preparing to file for
15      Bankruptcy.

16

17                                          **VI.**

18                        **TEN (10) CAUSES OF ACTION**

19

20                        **FIRST CAUSE OF ACTION:**

21      **VIOLATION OF CALIFORNIA CIVIL CODE §1788.17**

22                        **(Under 15 U.S.C. §1692c(a)(2))**

23                  **(As Against All Defendants Herein)**

24 84.  Plaintiffs reallege and incorporate by reference the above paragraphs as though set forth
25      fully herein.

26 85.  California Civil Code §1788.17, the RFDCPA provided in pertinent part:

27      *Notwithstanding any other provision of this title, every debt collector collecting*
28      *or attempting to collect a consumer debt shall comply with the provisions of*

                        SECOND AMENDED COMPLAINT
                                    16

86. 15 U.S.C. §1692c(a)(2) as incorporated into §1788.17 the FDCPA provides:

> *Without the prior consent of the consumer given directly to the debt collector or*
> *the express permission of a court of competent jurisdiction, a debt collector may*
> *not communicate with a consumer in connection with the collection of any debt–*
> > *(2) if the debt collector knows the consumer is represented by an attorney*
> > *with respect to such debt and has knowledge of, or can readily ascertain,*
> > *such attorney's name and address...*

87. Defendants violated 15 U.S.C. §1692c(a)(2), as incorporated into the RFDCPA since Defendants repeatedly and continuously called and harassed Plaintiffs at least sixty-six (66) times, despite the fact that Plaintiffs advised Defendants, verbally and in writing, to contact Doan Law Firm, LLP regarding the alleged debt.

88. Defendants violated 15 U.S.C. §1692c(a)(2), as incorporated into RFDCPA, since they repeatedly contacted and harassed the Plaintiffs after being directly notified to cease and desist all further communication.

89. California Civil Code §1788.17 requires that Defendants comply with the provisions of 15 U.S.C § 1692c(a)(2).

90. The foregoing violations of 15 U.S.C §1692c(a)(2) by Defendants resulted in separate violations of California Civil Code §1788.17.

91. California Civil Code §1788.17 provides that Defendants and each of them are subject to the remedies of 15 U.S.C. §1692k for failing to comply with the provisions of 15 U.S.C. §1692c(a)(2).

92. The foregoing violations by Defendants were willful and knowing violations of Title 1.6C of the California Civil Code (RFDCPA), are sole and separate violations under California Civil Code §1788.30(b).

///

///

**SECOND CAUSE OF ACTION:**

**VIOLATION OF CALIFORNIA CIVIL CODE §1788.17 OF THE RFDCPA**

**(Under 15 U.S.C. §1692c(c))**

**(As Against Only Defendant CHASE)**

93. Plaintiffs reallege and incorporate by reference the above paragraphs as though set forth fully herein.

94. California Civil Code §1788.17 the RFDCPA provides in pertinent part:

*Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of §1692b to §1692j, inclusive, of, and shall be subject to the remedies in §1692k of Title 15 of the United States Code.*

95. 15 U.S.C. § 1692c(c) of the FDCPA provides:

*If a consumer notifies a debt collector in writing that the consumer **refuses to pay** a debt or that the consumer wishes the debt collector to **cease further communication** with the consumer, the debt collector shall **not communicate** further with the consumer with respect to such debt.*

96. DOAN LAW FIRM, LLP sent Defendants written "Cease and Desist Orders" by Certified Mail on March 9, 2009, May 8, 2009, and August 26, 2009, directing Defendants to cease all communications with Plaintiffs. True and correct copies of the Cease and Desist Orders and their corresponding Certified Mail receipts are attached hereto as **Exhibits "A–D"** and incorporated herein.

97. Defendants violated 15 U.S.C. §1692c(c) as incorporated into the RFDCPA since Defendants repeatedly and continuously harassed Plaintiffs at least sixty-six (66) times after being directly notified of the refusal to pay the debt.

98. Defendants violated 15 U.S.C §1692c(c), as incorporated into the RFDCPA, since Defendants repeatedly and continuously contacted and harassed Plaintiffs after being directly notified to cease and desist all further communication.

///

1  99.  California Civil Code §1788.17 requires that Defendants comply with the provisions of
2       15 U.S.C. §1692c(c).

3  100.  The foregoing violations of 15 U.S.C. §1692c(c) by Defendants resulted in separate
4        violations of California Civil Code §1788.17.

5  101.  California Civil Code §1788.17 provides that Defendants and each of them are subject
6        to the remedies of 15 U.S.C. §1692k for failing to comply with the provisions of 15
7        U.S.C. §1692c(c).

8  102.  The foregoing acts by Defendants were willful and knowing violations of Title 1.6C of
9        the California Civil Code (RFDCPA), are sole and separate violations under California
10       Civil Code Section §1788.30(b).

11

12                             **THIRD CAUSE OF ACTION:**

13       **VIOLATION OF CALIFORNIA CIVIL CODE §1788.17 OF THE RFDCPA**

14                             **(Under 15 U.S.C. §1692d(5))**

15                          **(As Against All Defendants Herein)**

16  103.  Plaintiffs reallege and incorporate by reference the above paragraphs as though set forth
17        fully herein.

18  104.  California Civil Code §1788.17 the RFDCPA provides in pertinent part:

19          *Notwithstanding any other provision of this title, every debt collector collecting*

20          *or attempting to collect a consumer debt shall comply with the provisions of*

21          *§1692b to §1692j, inclusive, of, and shall be subject to the remedies in §1692k of*

22          *Title 15 of the United States Code.*

23  105.  15 U.S.C. § 1692d(5) of the FDCPA provides:

24          *A debt collector may not engage in any conduct the natural consequence of*

25          *which is to harass, oppress, or abuse any person in connection with the*

26          *collection of a debt. Without limiting the general application of the foregoing,*

27          *the following conduct is a violation of this section–*

28  ///

                        SECOND AMENDED COMPLAINT
                                    19

1
2
3

> *(5) Causing a telephone to ring or engaging a person in telephone*
> *conversation repeatedly or continuously with the intent to annoy, abuse,*
> *or harass any person at the called number.*

4   106.   Defendants violated California Civil Code Section §1788.11(e) since Defendants
5          telephoned Plaintiffs at least sixty-one (61) times, and the calls are ongoing after being
6          told directly in writing four (4) times, and once verbally, of attorney representation
7          concerning the debt.

8   107.   Defendants unlawfully contacted Plaintiff six (6) times within one day on
9          August 18, 2009, with regard to the alleged debt.

10  108.   Defendants unlawfully contacted Plaintiff five (5) times within one day on
11         September 24, 2009, with regard to the alleged debt.

12  109.   Defendants unlawfully contacted Plaintiff at least once per day from the period of
13         September 21, 2009 through September 25, 2009, amounting to five (5) consecutive
14         days of unlawful contacts.

15  110.   California Civil Code § 1788.17 requires that Defendants comply with the provisions of
16         15 U.S.C § 1692d(5).

17  111.   The foregoing violations of 15 U.S.C §1692d(5) by Defendants resulted in separate
18         violations of California Civil Code Section §1788.17.

19  112.   California Civil Code §1788.17 provides that Defendants and each of them are subject
20         to the remedies of 15 U.S.C. § 1692k for failing to comply with the provisions of 15
21         U.S.C. § 1692d(5).

22

23                          **FOURTH CAUSE OF ACTION:**
24                   **VIOLATION OF CAL. CIV. CODE §1788.17**
25                          **(under 15 U.S.C. §1692d(6))**
26                   **(As Against Only Defendant ZWICKER)**

27  113.   The Plaintiffs reallege and incorporate by reference the above paragraphs as though set
28         forth fully herein.

114. California Civil Code §1788.17 the RFDCPA provides in pertinent part:

> *Notwithstanding any other provision of this title, every debt collector collecting*
> *or attempting to collect a consumer debt shall comply with the provisions of*
> *§1692b to §1692j, inclusive, of, and shall be subject to the remedies in §1692k of*
> *Title 15 of the United States Code.*

115. 15 U.S.C. § 1692d(6) of the FDCPA provides:

> *A debt collector may not engage in any conduct the natural consequence of*
> *which is to harass, oppress, or abuse any person in connection with the*
> *collection of a debt. Without limiting the general application of the foregoing,*
> *the following conduct is a violation of this section—*
>
> > *(6) Except as provided in section 1692b, the placement of telephone calls*
> > *without meaningful disclosure of the caller's identity.*

116. Defendants violated 15 U.S.C. §1692d(6), as incorporated into the RFDCPA since Defendants repeatedly and continuously contacted and harassed Plaintiff at least sixty-six (66) times, despite the fact that Plaintiffs advised Defendants, verbally and in writing, to contact Doan Law Firm, LLP regarding the alleged debt.

117. On August 20, 2009 at 8:16 antemeridian, Defendant contacted Plaintiffs by telephone. Plaintiffs requested the callers' identity, in an effort to determine whether the caller was Defendant CHASE, Defendant ZWICKER, or another debt collector. Defendant, when asked, refuse to state its identity. Plaintiffs were able to identify the caller only by the phone number from which Defendants had called.

118. The withholding of one's identity in collecting a debt demonstrates a clear violation of 15 U.S.C. § 1692d(6).

119. California Civil Code § 1788.17 requires that Defendants comply with the provisions of 15 U.S.C § 1692d(6).

120. The foregoing violations of 15 U.S.C §1692d(6) by Defendants resulted in separate violations of California Civil Code Section §1788.17.

/ / /

1  121. California Civil Code §1788.17 provides that Defendants and each of them are subject
2        to the remedies of 15 U.S.C. § 1692k for failing to comply with the provisions of 15
3        U.S.C. § 1692d(6).
4  122. The foregoing violations by Defendants were willful and knowing violations of Title
5        1.6C of the California Civil Code (RFDCPA), are sole and separate violations under
6        California Civil Code Section § 1788.30(b).
7
8                            **FIFTH CAUSE OF ACTION:**
9                    **VIOLATION OF CAL. CIV. CODE §1788.17**
10                         **(under 15 U.S.C. §1692e(8))**
11                       **(As Against Only Defendant CHASE)**
12 123. The Plaintiffs reallege and incorporate by reference the above paragraphs as though set
13        forth fully herein.
14 124. California Civil Code §1788.17 the RFDCPA provides in pertinent part:
15              *Notwithstanding any other provision of this title, every debt collector collecting*
16              *or attempting to collect a consumer debt shall comply with the provisions of*
17              *§1692b to §1692j, inclusive, of, and shall be subject to the remedies in §1692k of*
18              *Title 15 of the United States Code.*
19 125. 15 U.S.C. § 1692e(8) of the FDCPA provides:
20              *A debt collector may not use any false, deceptive or misleading information or*
21              *means in connection with the collection of any debt. Without limiting the general*
22              *application of the foregoing, the following conduct is a violation of this section:*
23                    *(8) communicating or threatening to communicate to any person credit*
24                    *information which is known or which should be known to be false,*
25                    *including the failure to communicate that the debt is disputed.*
26 126. The Cease and Desist Orders sent March 9, 2009, May 8, 2009, and August 26, 2009,
27        each explicitly stated the following [bold text in original]:
28 ///

1    *"Unless our Firm sends you written confirmation that you possess an*
2    *enforceable contract, you must report the entire amount as **'disputed'** to all you*
3    *report to per* 15 USC 1692e(8), CC 1788.17, CC 1782.25(a), *and* 15 USC 1601.
4    *This would include identifying the account as **'disputed'** in any and all credit*
5    *bureau reporting you do, such as entering compliance condition code **'XB'** in*
6    *base segment field 20 when uploading Metro 2 automated data reporting."*

7  127.  The Plaintiffs allege that Defendants intentionally and erroneously reported on a
8        monthly basis that the account was not disputed. In the written Cease and Desist Orders,
9        sent on March 9, 2009, May 8, 2009, and August 26, 2009, Plaintiff specifically advised
10       the Defendants that the debt was disputed.

11 128.  California Civil Code § 1788.17 requires that Defendants comply with the provisions of
12       15 U.S.C § 1692e(8).

13 129.  The foregoing violations of 15 U.S.C §1692e(8) by Defendants resulted in separate
14       violations of California Civil Code Section §1788.17.

15 130.  California Civil Code §1788.17 provides that Defendants and each of them are subject
16       to the remedies of 15 U.S.C. § 1692k for failing to comply with the provisions of 15
17       U.S.C. § 1692e(8).

18 131.  The foregoing violations by Defendants were willful and knowing violations of Title
19       1.6C of the California Civil Code (RFDCPA), are sole and separate violations under
20       California Civil Code Section § 1788.30(b).

21

22                              **SIXTH CAUSE OF ACTION:**
23                     **VIOLATION OF §1788.14(c) of the RFDCPA**
24                        **(As Against Only Defendant CHASE)**

25 132.  The Plaintiffs reallege and incorporate by reference the above paragraphs as though set
26       forth fully herein.

27 133.  California Civil Code Section 1788.14(c) provides in pertinent part:

28 ///

───────────────────────────────────────────────

1
2

*No debt collector shall collect or attempt to collect a consumer debts by means*
*of the following:*

3
4
5
6
7
8
9

    *(c)* **Initiating communications**, *other than statements of account, with*
*the debtor with regard to the consumer debt, when the debt collector has*
*been previously* **notified in writing by the debtor's attorney that the**
**debtor is represented by such attorney** *with respect to the consumer debt*
*and such notice includes the attorney's name and address and a request*
*by such attorney that all communications regarding the consumer debt be*
*addressed to such attorney...*

10  134.  Defendants violated California Civil Code Section §1788.14(c) since Defendants
11  repeatedly contacted and harassed the Plaintiffs by calling at least sixty-one (61) times,
12  and possibly more, as well as by sending a letter directly to Plaintiffs' home address,
13  amounting to sixty-two (62) instances of communication other than billing statements,
14  after being directly notified in writing of attorney representation concerning the debt.
15  135.  The foregoing act(s) by Defendants were willful and knowing violations of Title 1.6C of
16  the California Civil Code (RFDCPA), are sole and separate violations under California
17  Civil Code Section §1788.30(b).

18
19                    **SEVENTH CAUSE OF ACTION:**
20          **VIOLATION OF CALIFORNIA CIVIL CODE §1788.11(d)**
21                   **(As Against All Defendants Herein)**

22  136.  The Plaintiffs reallege and incorporate by reference the above paragraphs as though set
23  forth fully herein.

24  137.  California Civil Code Section 1788.11(d) provides in pertinent part:
25  *No debt collector shall collect or attempt to collect a consumer debts by means*
26  *of the following practices:*
27      *(d) Causing a telephone to ring repeatedly or continuously to annoy the*
28  *person called.*

1  138.  Defendants violated California Civil Code Section §1788.11(e) since Defendants
2         telephoned Plaintiffs at least sixty-one (61) times, and the calls are ongoing after being
3         told directly in writing four (4) times, and once verbally, of attorney representation
4         concerning the debt.
5  139.  Defendants unlawfully contacted Plaintiff six (6) times within one day on
6         August 18, 2009, with regard to the alleged debt.
7  140.  Defendants unlawfully contacted Plaintiff five (5) times within one day on
8         September 24, 2009, with regard to the alleged debt.
9  141.  Defendants unlawfully contacted Plaintiff at least once per day from the period of
10        September 21, 2009 through September 25, 2009, amounting to five (5) consecutive
11        days of unlawful contacts.
12 142.  Plaintiffs allege that the frequent and persistent unlawful telephone contacts from
13        Defendants were made with intent to induce emotional distress to coerce payment on
14        their alleged debt.
15 143.  The foregoing act(s) by Defendants were willful and knowing violations of Title 1.6C of
16        the California Civil Code (RFDCPA), are sole and separate violations under California
17        Civil Code Section §1788.30(b), and trigger **a penalty of $1,000.00**.
18
19                          **EIGHTH CAUSE OF ACTION:**
20                 **VIOLATION OF §1788.11(e) of the RFDCPA**
21                      **(As Against All Defendants Herein)**
22 144.  The Plaintiffs reallege and incorporate by reference the above paragraphs as though set
23        forth fully herein.
24 145.  California Civil Code Section 1788.11(e) provides:
25            *No debt collector shall collect or attempt to collect a consumer debt by means of*
26            *the following:*
27                *(e) Communicating, by telephone or in person, with the debtor with such*
28                *frequency as to be unreasonable and to constitute a harassment to the*

1      *debtor under the circumstances.*

2  146.  Defendants violated California Civil Code Section §1788.11(e) since Defendants

3      telephoned Plaintiffs at least sixty-one (61) times, and the calls are ongoing after being

4      told directly in writing four (4) times, and once verbally, of attorney representation

5      concerning the debt.

6  147.  Defendants unlawfully contacted Plaintiff six (6) times within one day on

7      August 18, 2009, with regard to the alleged debt.

8  148.  Defendants unlawfully contacted Plaintiff five (5) times within one day on

9      September 24, 2009, with regard to the alleged debt.

10 149.  Defendants unlawfully contacted Plaintiff at least once per day from the period of

11      September 21, 2009 through September 25, 2009, amounting to five (5) consecutive

12      days of unlawful contacts.

13 150.  The forgoing act(s) by Defendants were willful and knowing violations of Title 1.6C of

14      the California Civil Code (RFDCPA), are sole and separate violations under California

15      Civil Code Section §1788.30(b).

16

17                    **NINTH CAUSE OF ACTION:**

18          **VIOLATION OF CALIFORNIA CIVIL CODE §1785.25(a)**

19              **FAIR CREDIT REPORTING ACT ("FCRA")**

20                 **(As Against Only Defendant CHASE)**

21 151.  The Plaintiffs reallege and incorporate by reference the above paragraphs as though set

22      forth fully herein.

23 152.  California Civil Code §1785.25(a) prohibits any person from furnishing information to

24      a credit reporting bureau that such person knows or should know is incomplete or

25      inaccurate. California Civil Code §1785.25(a) provides:

26          *"A person shall not furnish information on a specific transaction or experience*

27          *to any consumer credit reporting agency if the person knows or should know the*

28          *information is **incomplete or inaccurate**."*

153. Plaintiffs allege that Defendants intentionally and erroneously reported on a monthly basis that the account was not disputed. In the written Cease and Desist Orders, sent on March 9, 2009, May 8, 2009, and August 26, 2009, Plaintiffs specifically advised the Defendants that "**the debt [was] disputed**."

154. Plaintiffs are entitled to relief for said Defendants' misconduct under California Civil Code §1785.31, including actual damages, court costs, loss of wages, attorneys' fees, pain and suffering, statutory damages, punitive damages of up to **$5,000.00**, and injunctive relief.

## TENTH CAUSE OF ACTION:

## INVASION OF PRIVACY (INTRUSION UPON SECLUSION)

### (As Against All Defendants Herein)

155. The Plaintiffs reallege and incorporate by reference the above paragraphs as though set forth fully herein.

156. Plaintiffs have a reasonable expectation of privacy at home and at work such that Defendants would not continue to communicate and harass her and engage in unlawful, intrusive, and abusive telephone calls in an effort to collect a debt.

157. Courts have held that repeated and continuous calls in an attempt to collect a debt give rise to a claim for intrusion upon seclusion. Fausto v. Credigy 598 F. Supp. 2d 1049, 1056 (N.D. CA 2009) (Citing to Panahial v. Gurney 2007 U.S. Dist. Lexis 17269 and Joseph v. JJ. MacIntryre LLC, 238 F. Supp. 2d 1158, 1169 (N.D. Cal. 2002)).

158. Defendants intentionally intruded on Plaintiffs' privacy by, among other things, continuing to communicate with Plaintiffs after receiving written and verbal Cease and Desist Orders, unlawfully and intentionally communicating with Plaintiffs over sixty-six (66) times, even though Defendants knew that Plaintiffs were represented by Doan Law Firm, LLP.

159. These intrusions and invasions against the Plaintiffs from March, 2009 through October 2009, by Defendants in incessantly and repeatedly making multiple telephone

1    calls to Plaintiffs occurred in a way that would be highly offensive to a reasonable
2    person in Plaintiffs' position.

3    160.  Plaintiffs herein were on disability during and throughout Defendants' unlawful
4          contacts. Plaintiff KAREN HAMBERG was recovering from injuries to her neck and
5          back, and experienced exacerbated back pain when she had to answer Defendants'
6          unlawful calls.

7    161.  Plaintiff EDWIN HAMBERG suffers from high blood pressure, for which he uses
8          several prescription medications. Defendants' frequent calls and the stress associated
9          therewith exacerbated his condition.

10   162.  Plaintiffs verbally advised Defendant CHASE that they were on disability, and every
11         time they were forced to answer the phone, their conditions were exacerbated.
12         Defendant CHASE did not stop contacting them, and in fact stated that they would
13         continue to collect on the alleged debt. Such statements clearly indicate intent to harass
14         Plaintiffs to coerce payment on their alleged debt.

15   163.  Defendants misrepresented to Plaintiffs that, even though they were preparing to file for
16         bankruptcy, they would still have to pay the alleged debt.

17   164.  Defendants were rude and offensive in that Defendants would interrupt Plaintiff
18         KAREN HAMBERG as she was advising the of her representation by an attorney, and
19         of her medical condition. Plaintiff felt intimidated by Defendants' strong-arm,
20         aggressive tactics.

21   165.  On at least three (3) dates, Plaintiff KAREN HAMBERG was contacted five (5) or more
22         times over the course of the day. These calls were distracting, and despite her repeated
23         statements that she and Plaintiff EDWIN HAMBERG had retained an attorney, she
24         could not convince Defendants to stop contacting her. Defendants stated that they would
25         continue to call to collect on the alleged debt, despite the law.

26   166.  Plaintiff KAREN HAMBERG alleges that debt collectors for Defendant CHASE often
27         used intimidating language to coerce payment on her alleged debt. Plaintiff KAREN
28         HAMBERG further alleges that she would frequently attempt to explain that she was in

bankruptcy and on disability, but was interrupted and cut off by Defendants' callers,
who would attempt to make her feel guilty for exercising her right to file for bankruptcy.

167. In one such instance, one of Defendant CHASE'S callers spoke over Plaintiff KAREN
HAMBERG to the point that Plaintiff instructed the caller to "Stop and take a deep
breath".

168. Defendants' abusive behavior, as well as their unlawfully calling Plaintiffs so frequently
and incessantly drove Plaintiffs to feel deep anxiety, and to have the perception that they
are under Defendants' constant surveillance. Such tactics were invasive and offensive to
Plaintiffs and to any reasonable person.

169. The Defendants' intrusions against Plaintiffs occurred after Defendants knew Plaintiff
was represented by Doan Law Firm, LLP and fact that said attorneys would sue
Defendants for such mean-spirited conduct if it continued, shows the audacity and
scorched Earth tactics that Defendants would employ at a "stop for nothing" attitude.

170. As a result of such invasions of privacy, Plaintiffs are entitled to actual damages in
amount to be determined according to proof.

171. Defendants also acted with such oppression, fraud, and/or malice, that Plaintiffs are also
entitled to punitive damages in an amount according to proof.

# VII.

## PRAYERS FOR RELIEF

**WHEREFORE**, the PLAINTIFFS, having set forth the claims for relief against
Defendants, respectfully pray that this Court grant relief in the amount of **$59,914.33** monetary
damages (**Actual Damages of at least $21,914.33** and **Statutory and Punitive Penalties of at
least $38,000.00**, and **Attorney Fees and Costs** according to Proof, **Injunctive Relief**, and
**Declaratory Relief**).

Such relief is reasonably justified under the circumstances, and is more specifically
broken down as follows:

/ / /

Such relief is reasonably justified under the circumstances, and is more specifically broken down as follows:

A. **Actual Economic Damages** totaling at least **$1,914.33** consisting of **$899.33 attorney fees** previously paid to Doan Law Firm to end the harassment, and **$15.00** in transportation, gasoline, telephone call charges, and postage, pursuant to California Civil Code § 1788.30(a); **$1,000.00 Additional Damages** pursuant to California Civil Code § 1788.17 incorporating 15 U.S.C. §1692(k); 15 U.S.C. 1666 et al; and other economic damages accruing prior to the Order for Bankruptcy Relief;

B. **Actual Non-Economic Damages** of **$10,000.00 for each Plaintiff, or $20,000.00 total**, pursuant to California Civil Code §1788.30(a) for mental and emotional distress, nervousness, grief, embarrassment, loss of sleep, anxiety, worry, mortification, shock, humiliation, indignity, pain and suffering, and other injuries;

C. **Statutory Penalties of $1,000.00 for each Plaintiff, or $2,000.00 total,** as against Defendants herein, arising from violations pursuant to California Civil Code §1788.17 [under 15 U.S.C. §1692c(a)(2); §1692c(c); §1692d(5); §1692d(6); §1692e(8); and California Civil Code §1788.30(b)];

D. **Statutory Penalties of $1,000.00 for each Plaintiff, or $2,000.00 total,** as against Defendant CHASE, arising from violations of Civil Code §1788.14(c);

E. **Statutory Penalties of $1,000.00 for each Plaintiff, or $2,000.00 total,** as against Defendants herein, arising from violations of Civil Code §1788.11(d);

F. **Statutory Penalties of $1,000.00 for each Plaintiff, or $2,000.00 total,** as against Defendants herein, arising from violations of Civil Code §1788.11(e);

G. **Statutory Penalties of $5,000 for each Plaintiff, or $10,000.00 total,** against Defendant CHASE, arising from violation of Civil Code §1785.25(a);

H. **Prejudgment Interest on Damages** pursuant to Civil Code §3288 as against Defendants in an amount according to proof;

I.    **Punitive damages of at least $20,000.00 total,** based on Defendants'
      (CHASE'S and ZWICKER'S) Invasion of Privacy;

J.    **Costs of Litigation** and reasonable **Attorney's Fees** against Defendants
      pursuant to California Civil Code §1788.30(c) and California Code Civ. Proc.
      §1021.5;

K.    **Injunctive Relief** against Defendants, restraining them from any further contact
      with Plaintiffs;

L.    Such other and further relief as the Court may deem just and proper.

Respectfully submitted,
DOAN LAW FIRM, LLP

Dated: May 6, 2010                By: /s/ *Karen S. Spicker*
                                  Karen S. Spicker, Esq.
                                  Attorney for Plaintiffs
                                  Edwin and Karen Hamberg

Exhibit "A"

DOAN LAW FIRM, LLP
2850 Pio Pico Drive, Suite D
Carlsbad, California 92008
Phone (760) 450-3333 • Fax (760) 720-6082
doanlaw.com

## CEASE AND DESIST ORDER PER CC 1788.17 WITH BILLING ERROR NOTICE AND ADDRESS CHANGE PER FCBA

DATE: 3/09/2009

Re: Debtor(s): Karen M Hamberg
Account No: 4216-8411-4052-3968
Soc Sec No: 545298032
Amount: $1755.92

To Whom It May Concern:

Please note the above referenced debtor(s) have retained Doan Law Firm to end Creditor Communications and to discharge your claim(s) with Title 11 relief. Accordingly, whether you are a collection agent or the original creditor, California Civil Code Section 1788.17 and 15 U.S.C. 1692 requires you cease and desist any and all future communications on any and all accounts associated with the above referenced debtor(s).

Additionally, the debtor(s) dispute the total debt and refuse to pay the total debt, in light of laws governing your ability to enforce the claim(s). If you believe you could legally enforce your claim(s) in a court of law, please provide your basis for our review. In the meantime, you must report the entire amount as "disputed" to all you report to per 15 USC 1692(e)8, CC 1788.17, 15 USC 1681, and 15 USC 1601. The forgoing includes but is not limited to identifying this account as "disputed" in any and all credit bureau reporting you do, as well as entering compliance condition code "XB" in base segment field 20 when uploading metro 2 automated data reporting.

Should FCBA and/or TILA compliance require billing statements to continue, demand is hereby made that the address for such statements be changed to our office at 2850 Pio Pico Drive, Suite D, Carlsbad, CA 92008, per the Official Staff Commentary on Regulation Z 226.2(a)(22)-2. Please see In re Wright (1981) 11 BR 590, 592.

Since you have now been officially noticed as required by law, any future communications directly with our client(s), without our express written consent, shall result in a lawsuit being filed against you for knowing and willful creditor abuse violations and subject you to actual damages, statutory penalties, attorney fees, and costs. You will soon receive a Federal Notice governing your claim. In the meantime, you may also access our "Creditor Link" anytime at http://doanlaw.com/creditor_link.html.

Sincerely,

Karen S Spicker
Karen Spicker,
Attorney at Law

### DEBTOR CEASE AND DESIST NOTICE PER CC 1788.17 AND BILLING ERROR NOTICE/ADDRESS CHANGE PER 15 USC 1666(b)6:

The undersigned disputes your claim(s), refuses to pay, and requests a change of address with all future correspondence to be sent to: 2850 Pio Pico Drive, Suite D, Carlsbad, CA 92008.

DO NOT COMMUNICATE WITH ME DIRECTLY ANYMORE.

DEBTOR 03/09/2009                    JOINT DEBTOR

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent  ☐ Addres

B. Received by ( Printed Name )   C. Date of Deliv

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

1. Article Addressed to:

Card Member Service
PO Box 94014
Palatine, IL
60094 - 4014

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchan
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
   (Transfer from service label)

7009 0080 0000 5383
9333

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M

# Exhibit "B"

DOAN LAW FIRM, LLP
2850 Pio Pico Drive, Suite D
Carlsbad, California 92008
Phone (760) 450-3333 • Fax (760) 720-6082
doanlaw.com

### CEASE AND DESIST ORDER PER CC 1788.17 WITH BILLING ERROR NOTICE AND ADDRESS CHANGE PER FCBA

DATE: 03/09/2009

Re:  Debtor(s):  Karen M Hamberg
     Account No:  42626-8411-4032-3968
     Soc Sec No:  545298032
     Amount:  $1755.92

To Whom It May Concern:

Please note the above referenced debtor(s) have retained Doan Law Firm to end Creditor Communications and to discharge your claim(s) with Title 11 relief. Accordingly, whether you are a collection agent or the original creditor, California Civil Code Section 1788.17 and 15 U.S.C. 1692 requires you cease and desist any and all future communications on any and all accounts associated with the above referenced debtor(s).

Additionally, the debtor(s) dispute the total debt and refuse to pay the total debt, in light of laws governing your ability to enforce the claim(s). If you believe you could legally enforce your claim(s) in a court of law, please provide your basis for our review. In the meantime, you must report the entire amount as "disputed" to all you report to per 15 USC 1692(e)8, CC 1788.17, 15 USC 1681, and 15 USC 1601. The forgoing includes but is not limited to identifying this account as "disputed" in any and all credit bureau reporting you do, as well as entering compliance condition code"XB" in base segment field 20 when uploading metro 2 automated data reporting.

Should FCBA and/or TILA compliance require billing statements to continue, demand is hereby made that the address for such statements be changed to our office at 2850 Pio Pico Drive, Suite D, Carlsbad, CA 92008, per the Official Staff Commentary on Regulation Z 226.2(a)(22)-2. Please see In re Wright (1981) 11 BR 590, 592.

Since you have now been officially noticed as required by law, any future communications directly with our client(s), without our express written consent, shall result in a lawsuit being filed against you for knowing and willful creditor abuse violations and subject you to actual damages, statutory penalties, attorney fees, and costs. You will soon receive a Federal Notice governing your claim. In the meantime, you may also access our "Creditor Link" anytime at http://doanlaw.com/creditor_link.html.

Sincerely,

Karen S. Spicker
Karen Spicker,
Attorney at Law

### DEBTOR CEASE AND DESIST NOTICE PER CC 1788.17 AND BILLING ERROR NOTICE/ADDRESS CHANGE PER 15 USC 1666(b)6:

*The undersigned disputes your claim(s), refuses to pay, and requests a change of address with all future correspondence to be sent to: 2850 Pio Pico Drive, Suite D, Carlsbad, CA 92008.*

DO NOT COMMUNICATE WITH ME DIRECTLY ANYMORE.

DEBTOR  03/09/2009                JOINT DEBTOR

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
or on the front if space permits.

1. Article Addressed to:

Card Member Services
PO Box 15298
Wilmington DE
19850-5298

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature ALVARADO
X □ Agent
□ Addressee

B. Received by ( Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? □ Yes
If YES, enter delivery address below: □ No

MAR 16 2009

3. Service Type
□ Certified Mail   □ Express Mail
□ Registered   □ Return Receipt for Merchandise
□ Insured Mail   □ C.O.D.

4. Restricted Delivery? (Extra Fee)   □ Yes

2. Article Number
(Transfer from service label)

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-

# Exhibit "C"

*[handwritten in left margin: PO BOX IL Palatine L 60094-4114]*

DOAN LAW FIRM, LLP
2850 Pio Pico Drive, Suite D
Carlsbad, California 92008
Phone (760) 450-3333 · Fax (760) 720-6082 ■
doanlaw.com

## CEASE AND DESIST ORDER PER CC 1788.17 WITH
## BILLING ERROR NOTICE AND ADDRESS CHANGE PER FC

DATE *05/08/2009*

Re:  Debtor(s): *Karen M Hamberg*
     Account No: *4246841140523968*
     Soc Sec No: *54529 2032*
     Amount: *$1,922.79*

To Whom It May Concern:

Please note the above referenced debtor(s) have retained Doan Law Firm to end Creditor Communications and to discharge your claim(s) with Title 11 relief. Accordingly, whether you are a collection agent or the original creditor, **California Civil Code Section 1788.17 and 15 U.S.C. 1692 requires you cease and desist any and all** <u>future communications</u> **on any and all accounts** associated with the above referenced debtor(s).

Additionally, the debtor(s) **dispute the total debt and refuse to pay the total debt**, in light of laws governing your ability to enforce the claim(s). If you believe you could legally enforce your claim(s) in a court of law, please provide your basis for our review. In the meantime, you must report the entire amount as "disputed" to all you report to per 15 USC 1692(e)8, CC 1788.17, 15 USC 1681, and 15 USC 1601. The forgoing includes but is not limited to identifying this account as "disputed" in any and all credit bureau reporting you do, as well as entering compliance condition code"XB" in base segment field 20 when uploading metro 2 automated data reporting.

Should FCBA and/or TILA compliance require billing statements to continue, demand is hereby made that the address for such statements be changed to our office at 2850 Pio Pico Drive, Suite D, Carlsbad, CA 92008, per the Official Staff Commentary on Regulation Z 226.2(a)(22)-2. Please see In re Wright (1981) 11 BR 590, 592.

Since you have now been officially noticed as required by law, any future communications directly with our client(s), without our express written consent, shall result in a lawsuit being filed against you for knowing and willful creditor abuse violations and subject you to actual damages, statutory penalties, attorney fees, and costs. You will soon receive a Federal Notice governing your claim. In the meantime, you may also access our "Creditor Link" anytime at http://doanlaw.com/creditor_link.html.

Sincerely,

*Karen S. Spicker*

Karen Spicker,
Attorney at Law

## DEBTOR CEASE AND DESIST NOTICE PER CC 1788.17
## AND BILLING ERROR NOTICE/ADDRESS CHANGE PER 15 USC 1666(b)6:

The undersigned disputes your claim(s), refuses to pay, and requests a change of address with all future correspondence to be sent to: 2850 Pio Pico Drive, Suite D, Carlsbad, CA 92008.

<u>DO NOT COMMUNICATE WITH ME DIRECTLY ANYMORE.</u>

*[handwritten signature: Karen M Humber]*

DEBTOR *5/8/2009*                    JOINT DEBTOR

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CHASE
Box 94014
Palatine, IL
60094

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                               ☐ Address

B. Received by ( Printed Name)     C. Date of Deliv

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

MAY 2009

USPS

3. Service Type
   ☐ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchand
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)            ☐ Yes

2. Article Number
   (Transfer from service label)

7009 0080 0000 8383 9401

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-

Exhibit "D"

DOAN LAW FIRM, LLP
2850 Pio Pico Drive, Suite D
Carlsbad, California 92008
Phone (760) 450-3333 • Fax (760) 720-6082
doanlaw.com

## CEASE AND DESIST ORDER PER CC 1788.17 WITH
### BILLING ERROR NOTICE AND ADDRESS CHANGE PER FCBA

DATE 05/08/2009

Re:   Debtor(s):   _Karen M Hamburg_
        Account No:   _4246841140523968_
        Soc Sec No:   _545298038_
        Amount:   _$1,922.79_

To Whom It May Concern:

Please note the above referenced debtor(s) have retained Doan Law Firm to end Creditor Communications and to discharge your claim(s) with Title 11 relief. Accordingly, whether you are a collection agent or the original creditor, **California Civil Code Section 1788.17 and 15 U.S.C. 1692** requires you **cease and desist any and all future communications** on any and all accounts associated with the above referenced debtor(s).

Additionally, the debtor(s) **dispute the total debt** and **refuse to pay the total debt**, in light of laws governing your ability to enforce the claim(s). If you believe you could legally enforce your claim(s) in a court of law, please provide your basis for our review. In the meantime, you must report the entire amount as **"disputed"** to all you report to per 15 USC 1692(e)8, CC 1788.17, 15 USC 1681, and 15 USC 1601. The forgoing includes but is not limited to identifying this account as **"disputed"** in any and all credit bureau reporting you do, as well as entering compliance condition code**"XB"** in base segment field 20 when uploading metro 2 automated data reporting.

Should FCBA and/or TILA compliance require billing statements to continue, demand is hereby made that the address for such statements be changed to our office at **2850 Pio Pico Drive, Suite D, Carlsbad, CA 92008,** per the Official Staff Commentary on Regulation Z 226.2(a)(22)-2. Please see In re Wright (1981) 11 BR 590, 592.

Since you have now been officially noticed as required by law, any future communications directly with our client(s), without our express written consent, **shall result in a lawsuit** being filed against you for knowing and willful creditor abuse violations and subject you to actual damages, statutory penalties, attorney fees, and costs. You will soon receive a Federal Notice governing your claim. In the meantime, you may also access our "Creditor Link" anytime at **http://doanlaw.com/creditor_link.html**.

Sincerely,

_Karen S. Spicker_
Karen Spicker,
Attorney at Law

### DEBTOR CEASE AND DESIST NOTICE PER CC 1788.17
### AND BILLING ERROR NOTICE/ADDRESS CHANGE PER 15 USC 1666(b)6:

The undersigned disputes your claim(s), refuses to pay, and requests a change of address with all future correspondence to be sent to: 2850 Pio Pico Drive, Suite D, Carlsbad, CA 92008.

DO NOT COMMUNICATE WITH ME DIRECTLY ANYMORE.

_Karen M Hamburg_
DEBTOR   5/8/2009          JOINT DEBTOR

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Condinumber Services
PO Box 15298
Wilmington, DE
19850-5298

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ANNETTE ALVARADO ☐ Agent
☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

MAY 1 2 2009

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number    7008 1830 0004 9588 8023
(Transfer from service label)

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-

Exhibit "E"

| Date | | Time | Phone Number | Call Destination | Rate Type | Minutes Used | Total Charges |
|---|---|---|---|---|---|---|---|
| 5 | 03/27 | 11:58 AM | 888-800-8738 | Toll Free Call | | PU | 1 |
| 6 | 03/27 | 11:59 AM | 888-800-8738 | Toll Free Call | | PU | 10 |
| 35 | 03/31 | 03:23 PM | 800-788-7000 | Toll Free Call | | PU | 1 |
| 36 | 03/31 | 03:24 PM | 800-788-7000 | Toll Free Call | | PU | 18 |
| 52 | 04/01 | 07:00 PM | 800-544-9635 | Incoming | | PU | 6 |
| 59 | 04/02 | 03:27 PM | 888-800-8738 | Toll Free Call | | PU | 21 |
| 60 | 04/02 | 03:48 PM | 800-544-9635 | Toll Free Call | | PU | 11 |
| 68 | 04/03 | 03:31 PM | 800-544-9635 | Incoming | | PU | 3 |
| 94 | 04/06 | 04:33 PM | 800-544-9635 | Toll Free Call | | PU | 13 |
| 97 | 04/07 | 10:18 AM | 800-544-9635 | Toll Free Call | | PU | 6 |
| 119 | 04/08 | 04:34 PM | 866-926-8937 | Incoming | | PU | 4 |
| 155 | 04/13 | 01:22 PM | 800-544-9635 | Incoming | | PU | 1 |
| 168 | 04/15 | 09:47 AM | 800-544-9635 | Incoming | | PU | 2 |
| 195 | 04/16 | 10:04 AM | 800-544-9635 | Toll Free Call | | PU | 103 |
| 209 | 04/17 | 11:31 AM | 866-926-8937 | Toll Free Call | | PU | 6 |
| 226 | 04/18 | 09:55 AM | 866-926-8937 | Incoming | | NW/PU | 3 |
| 252 | 04/22 | 11:31 AM | 800-544-9635 | Toll Free Call | | PU | 1 |
| 253 | 04/22 | 11:31 AM | 800-544-9635 | Toll Free Call | | PU | 10 |
| 240 | 07/16 | 02:23 PM | 866-318-1531 | Toll Free Call | | PU | 10 |
| 246 | 07/16 | 06:42 PM | 866-926-8937 | Incoming | | PU | 1 |
| 295 | 07/22 | 12:25 PM | 866-926-8937 | Incoming | | PU | 3 |
| 376 | 08/26 | 03:54 PM | 800-544-9635 | Toll Free Call | | PU | 6 |
| 194 | 09/14 | 12:32 PM | Unavailable | Incoming | | PU | 3 |
| 209 | 09/16 | 02:44 PM | 866-926-8937 | Incoming | | PU | 11 |
| 235 | 09/21 | 11:18 AM | 866-926-8937 | Incoming | | PU | 7 |

# Exhibit "F"

| # | Date | Time | Duration | Phone call | Ahmad | from Custservices for Chase (802) 282-8004 | Amount |
|---|------|------|----------|-----------|-------|--------------------------------------------|--------|
| 2 | 03/17/2009 | 6:40pm | 3 min | | | | Amount $1,700.00 the said Card was now suspended and I was late (2) months on payments would I please give him a bank account number to make |
| 3 | | | | | | | a Chase Credit Card payment today. I said no I would no give out my banking information |
| 4 | | | | | | | OR I was filing Bankruptcy |
| 5 | 08/07/09 | 2:18 Am | 4 min | Phone call | | 2 Wicker + Ass for chase (918) 686-2055 | $2,153.91 Amount owed said card was suspended for non-payments on these ch |
| 6 | 08/08/09 | 9:34am | 5 min | Phone call | | 2 Wicker + Ass for chase (918)686-2055 | gave out bank info by phoning name + info |
| 7 | 08/11/09 | 8:09 am | 2 min | Voice Mail | | 2 Wicker = Ass for chase (918)686-2055 | Requested me to call them back. |
| 8 | 08/11/09 | 4:16 pm | 3 min | Voice mail | | 2Wicker + Ass for chase (918) 686-2055 | Requested me to call them back |

| # | Date | Time | Duration | Type | Contact | Message |
|---|------|------|----------|------|---------|---------|
| 1 | 08/11/05 | 7:49 pm | 2 mm | Voice email | Zwicker + ASS for Chase (818) 686-2255 | Message states 5 Zwicker + Humning is late with payments and needs to call Zwicker + Ass until tomorrow's. |
| 2 | 08/13/05 | 8:34 am | 1 min | Phone call | Zwicker + Ass for Chase (818) 686-2355 | No message |
| 3 | 08/13/05 | 3:38 pm | 1 mm | Phone call | Zwicker + ASS Chase (818) 686-2355 | No message |
| 4 | 08/13/05 | 6:30 pm | 1 min | Phone call | Zwicker + Ass Chase (818) 686-2355 | No message |
| 5 | 08/13/05 | 4:16 pm | 1 mm | Phone call | Zwicker + Ass Chase (818) 686-2355 | No message |
| 6 | 08/16/05 | 8:05 am | 1 min | Phone call | Zwicker + Ass for Chase (818) 686-2255 | No message |
| 7 | 08/17/05 | 8:04 am | 1 mm | Phone call | Zwicker + Ass Chase (818) 686-2355 | No message |
| 8 | 08/17/05 | 3:50 pm | 1 min | Phone call | Zwicker + Ass for Chase | No message |

| # | Date | Time | Duration | | Description | Message |
|---|------|------|----------|--|-------------|---------|
| 1 | 08/18/09 | 8:04AM | 1 min | Phone Call | 2widder vASS for chmac (678) 686-2055 | No message |
| 2 | 08/18/09 | 8:03AM | 1 min | Phone Call | 2widder+ASS for chmac (678)686 2055 | No message |
| 3 | 08/18/09 | 8:32AM | 1 min | Phone Call | 2widder+ASS for chmac (678)686-2055 | No message |
| 4 | 08/18/09 | 8:35AM | 1 min | Phone Call | 2widder vASS for chmac (678) 686-2055 | No message |
| 5 | 08/18/09 | 6:12pm | 1 min | Phone Call | 2widder+ASS for chmac (678)686-2055 | No message |
| 6 | 08/18/09 | 7:53pm | 1 min | Phone Call | 2widder+ASS for chmac (678)686-2055 | No message |
| 7 | 08/19/09 | 8:57am | 1 min | Phone Call | 2widder vASS for chmac (678)686 2055 | No message |
| 8 | 08/20/09 | 8:10am | 1 min | Phone Call | 2widder vASS for chmac (678) 686-2055 | No message |

| # | Date | Time | Duration | Type | Number | Notes |
|---|------|------|----------|------|--------|-------|
| 1 | 9/22/09 | 8am | 2min | Phone | (918) 686-2255 Zwicker & ASS for chase | Indicates Karen Hemphrey is late with payments & I am about to collect for chase. |
| 2 | 9/23/09 | 5:30pm | 3min | Voice mail | (918) 686-2255 Zwicker & ASS for chase | |
| 3 | 9/24/09 | 9:34am | 2min | Phone | (918) 686-2255 Zwicker & ASS for chase | |
| 4 | 9/24/09 | 4:04pm | 4min | Voice mail | (918) 686-2255 Zwicker & ASS for chase | Indicates Karen Hemphrey needs to pay debt back to chase. |
| 5 | 9/24/09 | 1:33pm | 5min | Phone | (918) 686-2255 Zwicker & ASS for chase | Told collector to contact bankruptcy because I have filed. Down Law Firm Bankruptcy Attorney Information |
| 6 | 9/24/09 | 7:30pm | 2min | Phone | (918) 686-2255 Zwicker & ASS | |
| 7 | 3/24/09 | 7:10pm | 3min | phone | Zwicker & Ass for chase (918) 686-2255 | |
| 8 | 9/25/09 | 9:35am | 2min | phone | Zwicker & ASS for chase (918) 686-2255 | |

| # | Date | Time | Duration | Type | Number | Notes |
|---|------|------|----------|------|--------|-------|
| 1 | 9/29/09 | 11:55am | 2min | | Zwicker & Ass for chase (918) 686-2255 | Told collector I filed Bankruptcy & to contact Down Law Firm for information. Was rude and kept asking me to identify why & to admit to chase debt. I did not. |
| 2 | 10/1/09 | 5:13pm | 3min | | Zwicker & ASS for chase (918) 686-2255 | |
| 3 | 10/5/09 | 5:44pm | 2min | | Zwicker & ASS for chase (918) 686-2255 | |
| 4 | 10/7/09 | 3:15pm | 2min | | Zwicker & ASS (918) 686-2255 | |
| 5 | 10/7/09 | 5:15pm | 2min | | Zwicker & ASS for chase (918) 686-2255 | |
| 6 | 10/8/09 | 2:05pm | 2min | | Zwicker & ASS for chase (918) 686-2255 | |
| 7 | 10/8/09 | 6:38pm | 2min | | Zwicker & ASS for chase (918) 686-2255 | |

Exhibit "G"

| Payment Due Date | New Balance | Past Due Amount | Minimum Payment |
|---|---|---|---|
| 05/07/09 | $1,922.79 | $375.64 | $903.43 |

CHASE ⬡

Account number: 4266 8411 4052 3968

$ _____  •

Make your check payable to:
**Chase Card Services.**
Please write amount enclosed.
New address or e-mail? Print on back.

4266841140523968000903430019227900000002

53712 BEX Z 10709 D
KAREN M HAMBERG
784 AVENIDA ABEJA
SAN MARCOS CA 92069-7343

CARDMEMBER SERVICE
PO BOX 94014
PALATINE IL 60094-4014

⑈5000160 28⑈  2031140523968411⑈

CHASE ⬡

Statement Date:
03/18/09 - 04/17/09

Minimum Payment: **$903.43**
Payment Due Date: **05/07/09**

Manage your account
www.chase.com/credito

Additional contact inform
conveniently located on rever

## ACCOUNT SUMMARY

VISA Account Number: **4266 8411 4052 3968**

| | | | |
|---|---|---|---|
| Previous Balance | $1,836.06 | Total Credit Line | $1,500 |
| Purchases, Cash, Debits | +$39.00 | Available Credit | $0 |
| Finance Charges | +$47.73 | Cash Access Line | $1,500 |
| New Balance | $1,922.79 | Available for Cash | $0 |

You haven't made the required payments and your credit card account is 90 days past due. As a result, your credit bureau may b
updated with a negative rating. Please send your payment immediately or call us at 1-800-955-8030 (collect 1-302-594-8200) toda

## ACCOUNT ACTIVITY

| Date of Transaction | Merchant Name or Transaction Description | $ Amo |
|---|---|---|
| 04/06 | LATE FEE | 39 |

## FINANCE CHARGES

| Category | Daily Periodic Rate 31 days in cycle | Corresp. APR | Average Daily Balance | Finance Charge Due To Periodic Rate | Transaction Fee / Service Charge | Accumulated Fin Charge | FINAN CHARG |
|---|---|---|---|---|---|---|---|
| Purchases | V .08216% | 29.99% | $1,874.03 | $47.73 | $0.00 | $0.00 | $47 |
| Cash advances | V .08216% | 29.99% | $0.00 | $0.00 | $0.00 | $0.00 | $0 |
| | | | | | | | $47 |

Total finance charges

**Effective Annual Percentage Rate (APR):** 29.99%

Please see Information About Your Account section for balance computation method, grace period, and other important informati

The Corresponding APR is the rate of interest you pay when you carry a balance on any transaction category.
The Effective APR represents your total finance charges - including transaction fees
such as cash advance and balance transfer fees - expressed as a percentage.

| Payment Due Date | New Balance | Past Due Amount | Minimum Payment |
|---|---|---|---|
| 06/06/09 | 2,010.11 | $480.64 | $1,097.75 |

CHASE ○

Account number: 4266 8411 4052 3968

$ [        .        ]

Make your check payable to:
Chase Card Services.
Please write amount enclosed.
New address or e-mail? Print on back.

426684114052396800109775002010110000007

23392 BEX Z 13709 D
KAREN M HAMBERG
784 AVENIDA ABEJA
SAN MARCOS CA 92069-7343

CARDMEMBER SERVICE
PO BOX 94014
PALATINE IL 60094-4014

⑆5000160 28⑆ 20311405239684⑈

CHASE ○

Statement Date:
04/18/09 - 05/17/09

Minimum Payment: **$1,097.75**
Payment Due Date: **06/06/09**

Manage your account online
www.chase.com/creditcards

Additional contact information
conveniently located on reverse side

## ACCOUNT SUMMARY

VISA Account Number: **4266 8411 4052 3968**

| | | | |
|---|---|---|---|
| Previous Balance | $1,922.79 | Total Credit Line | $1,500 |
| Purchases, Cash, Debits | +$39.00 | Available Credit | $0 |
| Finance Charges | +$48.32 | Cash Access Line | $1,500 |
| New Balance | $2,010.11 | Available for Cash | $0 |

It's not too late to resolve the outstanding balance on your credit card account. We have a variety of payment options that may be
right for you. Call 1-888-792-7547 (collect 1-302-594-8200) today.

## ACCOUNT ACTIVITY

| Date of Transaction | Merchant Name or Transaction Description | $ Amount |
|---|---|---|
| 05/07 | LATE FEE | 39.00 |

## FINANCE CHARGES

| Category | Daily Periodic Rate 30 days in cycle | Corresp. APR | Average Daily Balance | Finance Charge Due To Periodic Rate | Transaction Fee / Service Charge | Accumulated Fin Charge | FINANCE CHARGES |
|---|---|---|---|---|---|---|---|
| Purchases | V .08216% | 29.99% | $1,960.23 | $48.32 | $0.00 | $0.00 | $48.32 |
| Cash advances | V .08216% | 29.99% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

Total finance charges $48.32

**Effective Annual Percentage Rate (APR):** **29.99%**

Please see Information About Your Account section for balance computation method, grace period, and other important information.

The Corresponding APR is the rate of interest you pay when you carry a balance on any transaction category.
The Effective APR represents your total finance charges - including transaction fees
such as cash advance and balance transfer fees - expressed as a percentage.

| Payment Due Date | New Balance | Past Due Amount | Minimum Payment |
|---|---|---|---|
| 07/07/09 | $2,101.30 | $587.64 | $1,300 |

  CHASE

Account number: 4266 8411 4052 3968

$ _____ .

**Make your check payable to:**
**Chase Card Services.**
Please write amount enclosed.
New address or e-mail? Print on back.

4266841140523968001300940021013000000007

25005 BEX Z 16809 D
KAREN M HAMBERG
784 AVENIDA ABEJA
SAN MARCOS CA 92069-7343

CARDMEMBER SERVICE
PO BOX 94014
PALATINE IL 60094-4014

⑆500016028⑆ 20311405239684⑈

CHASE

Statement Date:
05/18/09 - 06/17/09

**Minimum Payment: $1,300.94**
**Payment Due Date: 07/07/09**

Manage your account on
www.chase.com/creditcard

Additional contact informat
conveniently located on reverse

## ACCOUNT SUMMARY

VISA Account Number: 4266 8411 4052 3968

| | | | |
|---|---|---|---|
| Previous Balance | $2,010.11 | Total Credit Line | $1,500 |
| Purchases, Cash, Debits | +$39.00 | Available Credit | $0 |
| Finance Charges | +$52.19 | Cash Access Line | $1,500 |
| New Balance | $2,101.30 | Available for Cash | $0 |

You haven't made the required payments and your credit card account is 150 days past due. You can still turn things around. Call us today at 1-888-792-7547 (collect 1-302-594-8200) so that we can find a solution for your situation.

## ACCOUNT ACTIVITY

| Date of Transaction | Merchant Name or Transaction Description | $ Amount |
|---|---|---|
| 06/07 | LATE FEE | 39.00 |

## FINANCE CHARGES

| Category | Daily Periodic Rate 31 days in cycle | Corresp. APR | Average Daily Balance | Finance Charge Due To Periodic Rate | Transaction Fee / Service Charge | Accumulated Fin Charge | FINANCE CHARGES |
|---|---|---|---|---|---|---|---|
| Purchases | V .08216% | 29.99% | $2,048.97 | $52.19 | $0.00 | $0.00 | $52.19 |
| Cash advances | V .08216% | 29.99% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

Total finance charges $52.19

**Effective Annual Percentage Rate (APR):** **29.99%**

Please see Information About Your Account section for balance computation method, grace period, and other important information.

The Corresponding APR is the rate of interest you pay when you carry a balance on any transaction category.
The Effective APR represents your total finance charges - including transaction fees
such as cash advance and balance transfer fees - expressed as a percentage.



| Payment Due Date | New Balance | Past Due Amount | Minimum Payment |
|---|---|---|---|
| 08/11/09 | 2,153.71 | $699.64 | $1,426.35 |

Account number: 4266 8411 4052 3968

$ _____ . ___

Make your check payable to:
**Chase Card Services.**
Please write amount enclosed.
New address or e-mail? Print on back.

4266841140523968001426350021537100000001

64006 BEX Z 19809 D
KAREN M HAMBERG
784 AVENIDA ABEJA
SAN MARCOS CA 92069-7343

CARDMEMBER SERVICE
PO BOX 94014
PALATINE IL 60094-4014

⑈500016028⑈ 20311405239684⑈



Statement Date:
06/18/09 - 07/17/09

**Minimum Payment: $1,426.35**
**Payment Due Date: 08/11/09**

Manage your account online
www.chase.com/creditcards

Additional contact information
conveniently located on reverse side

## ACCOUNT SUMMARY  VISA Account Number: 4266 8411 4052 3968

| | | | |
|---|---|---|---|
| Previous Balance | $2,101.30 | Total Credit Line | $1,500 |
| Finance Charges | +$52.41 | Available Credit | $0 |
| New Balance | $2,153.71 | Cash Access Line | $1,500 |
| | | Available for Cash | $0 |

The outstanding balance on your credit card account is scheduled to be written off as a bad debt shortly. As a result, your credit bureau will be updated with a negative rating that could last for up to seven years. We can still help, but you need to call us now at 1-888-792-7547 (collect 1-302-594-8200).

## FINANCE CHARGES

| Category | Daily Periodic Rate 30 days in cycle | Corresp. APR | Average Daily Balance | Finance Charge Due To Periodic Rate | Transaction Fee / Service Charge | Accumulated Fin Charge | FINANCE CHARGES |
|---|---|---|---|---|---|---|---|
| Purchases | V .08216% | 29.99% | $2,126.52 | $52.41 | $0.00 | $0.00 | $52.41 |
| Cash advances | V .08216% | 29.99% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Total finance charges | | | | | | | $52.41 |

**Effective Annual Percentage Rate (APR):**     29.99%

Please see Information About Your Account section for balance computation method, grace period, and other important information.

The Corresponding APR is the rate of interest you pay when you carry a balance on any transaction category.
The Effective APR represents your total finance charges - including transaction fees
such as cash advance and balance transfer fees - expressed as a percentage.

## IMPORTANT NEWS

Discover your favorite Starbucks Vivanno Smoothie!
They come in three fantastic flavors:
Orange Mango Banana, Banana Chocolate & Strawberry Banana.
Each contains 280 calories or less, has great
nutritional benefits and tastes sensational!

Exhibit "H"

01125



Zwicker & Associates, P.C.
Attorneys At Law



Attorneys

Raymond J. Lee
*CA Bar*

W. John Lo
*CA Bar*

Arthur Tessimond
*CA, MA & NH Bars*

Paul W. Zwicker
*MA Bar*

Robert W. Thuotte
*MA Bar*

William H. Harris
*MA & NH Bars*

Mireille H. Vartanian
*MA Bar*

Barbara A. Carnevale
*MA Bar*

Jennifer L. Bockstahler
*MA Bar*

Trevor Clement
*MA Bar*

Eleanore Hargreaves
*MA & NH Bars*

Erin M. Reczek
*MA Bar*

James Ballentine
*MA Bar*

Andrew J. Dick
*NY & FL Bars*

Steven V. Sorg
*KY & OH Bars*

Denise D. Arnold
*GA & WV Bars*

Cecily J. McLeod
*GA Bar*

Dwight Baylor
*AZ & VA Bars*

M'Cori Van Ess
*AZ Bar*

Brian Szilvasy
*FL Bar*

McXuan McClure Koski
*IL Bar*

Christopher D. Osborn
*TN Bar*

Shannon M. Pawley
*MI Bar*

Traci Ketti
*MI Bar*

Andrew S. Lerner
*MD, DC, VA & WV Bars*

Gregory Wale
*MD & DC Bars*

Kevin M. Hughes
*CT & MA Bars*

Roy D. Ruggiero
*NJ & PA Bars*

|......|....|||.....||....||...|.|..|.||.|.|.|.||.|.|.|.|.|.|.|.|

20053-07  6**AUTO**SCH 3-DIGIT 920
KAREN M HAMBERG
784 AVENIDA ABEJA
SAN MARCOS CA 92069-7343

### *Personal and Confidential*

08/07/2009
File ID: 3449179
Re: Chase Bank USA, N.A.
Account No: 4266841140523968  1,2,3,4          Balance: $2153.71

Dear KAREN M HAMBERG:

This office has been retained by the above-stated creditor to assist it in the collection of the funds you owe on the above-listed account. As of the date of this letter, the balance on your account is $2153.71, which includes principal and interest. Your balance may also include late fees and/or other costs, if provided for under the terms of your cardmember agreement or otherwise permitted by applicable law. Interest has accrued and will continue to accrue on the above balance at the rate permitted by applicable law.

This letter was created following a limited review of your account data, and thus far no attorney has conducted any meaningful review of the circumstances of your specific account. Unless payment in full is made or you arrange for the repayment of this debt through this office in a manner acceptable to our client, this office will conduct a more detailed review of your account, to determine either the presence, or lack thereof, of a dispute as to the indebtedness and, if none, the most effective means to secure repayment. It is our hope that you will take this opportunity to contact our office concerning this matter. Our client seeks an amicable resolution to this situation.

*Please note that unless you dispute said debt, or any portion thereof, within thirty (30) days of your receipt of this letter, this office shall assume the validity of this debt. Upon your written notification within such thirty-day period that this debt, or any portion thereof, is disputed, this office shall obtain verification of the debt or a copy of a judgment, if any, against you and mail you a copy of such verification or judgment. Furthermore, upon your written request within said thirty-day period, this office shall provide you with the name and address of the original creditor, if different from the current creditor. This firm is attempting to collect a debt and any information obtained will be used for that purpose.*

Please contact this office to discuss repayment with Jason Houle, one of our non-attorney account managers.

Very truly yours,

ZWICKER & ASSOCIATES, P.C.

1 This firm is a debt collector.

2 This firm is attempting to collect a debt and any information obtained will be used for that purpose.

3 Important notices appear on the back of this letter. Please read them as they may affect your rights.

4 Colorado residents: please read important notice on the back of this letter.

JPM001

Attorneys in this law firm are licensed to practice law only in those states listed on the reverse side of this letter.

OFFICE HOURS:     Monday through Thursday 8:00 AM – 11:00 PM, Friday 8:00 AM – 6:00 PM, Saturday 8:00 AM – 1:00 PM. (All times are Eastern).

*We are required under state law to notify consumers of the following rights. This list does not contain a complete list of the rights consumers have under state and federal law.*

**California** – The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

**California/Utah --** As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**Colorado -** The following language is required by Colorado state law to be contained in the initial debt collection letter sent to Colorado residents:

FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.AGO.STATE.CO.US/CADC/CADCMAIN.CFM
A CONSUMER HAS THE RIGHT TO REQUEST IN WRITING THAT A DEBT COLLECTOR OR COLLECTION AGENCY CEASE FURTHER COMMUNICATION WITH THE CONSUMER. A WRITTEN REQUEST TO CEASE COMMUNICATION WILL NOT PROHIBIT THE DEBT COLLECTOR OR COLLECTION AGENCY FROM TAKING ANY OTHER ACTION AUTHORIZED BY LAW TO COLLECT THE DEBT.

Colorado residents may contact our office by telephone at 800-370-2251 during the office hours stated above.

**Maine** – Maine residents may contact our office by telephone at 800-370-2251 during the office hours stated above.

**Massachusetts** – Massachusetts residents may contact our office by telephone at 800-370-2251 during the office hours stated above. The business address is: 80 Minuteman Road, Andover, Massachusetts 01810-1041. Massachusetts Law requires that we inform you:

NOTICE OF IMPORTANT RIGHTS OF MASSACHUSETTS RESIDENTS

YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN (10) DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN (7) DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE COLLECTION AGENCY.

To all consumers: Federal law or other state laws may also provide you with similar or even greater rights.

80 Minuteman Road, Andover, MA 01810          – New York City Department of Consumer Affairs License No. 1258252
2300 Litton Lane, Hebron, KY 41048          – New York City Department of Consumer Affairs License No. 1258254