# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN AND KAREN HAMBERG,<br><br>                Plaintiffs,<br>vs.<br><br>JP MORGAN CHASE BANK,<br>ZWICKER & ASSOCIATES, PC, and<br>DOES 1 through 10, inclusive,<br><br>                Defendants. | **CASE NO. 09-CV-2860 H (WMC)**<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART CHASE'S MOTION TO DISMISS**<br><br>**(2) DENYING CHASE'S MOTION TO STRIKE** |

On November 24, 2009, Edwin Hamberg and Karen Hamberg ("Plaintiffs") filed a complaint against JP Morgan Chase Bank ("Chase") and Zwicker & Associates, PC ("Zwicker," together "Defendants") in the Superior Court of the State of California for the County of San Diego. (Doc. No. 1, Compl.) On December 21, 2009, Chase filed a notice of removal and Zwicker filed a notice of consent to removal. (Doc. Nos. 1 & 3.) On February 5, 2010, Plaintiffs filed a first amended complaint ("FAC"). (Doc. No. 10.) On February 22, 2010, Chase filed a motion to dismiss and strike portions of Plaintiffs' FAC. (Doc. No. 12.) On March 8, 2010, Zwicker filed a motion to dismiss Plaintiffs' FAC. (Doc. No. 13.) On April 5, 2010, the Court issued an order granting Chase's motion to dismiss and strike and granting in part and denying in part Zwicker's motion to dismiss. (Doc. No. 18.) The Court permitted Plaintiffs to file an amended complaint curing the deficiencies highlighted in the

1  Court's order. (Id.) On May 6, 2010, Plaintiffs filed a second amended complaint ("SAC").
2  (Doc. No. 19 ("SAC").) On May 24, 2010, Chase filed a motion to dismiss and strike portions
3  of Plaintiffs' SAC. (Doc. No. 22.) On June 4, 2010, Plaintiffs filed a response in opposition
4  to Chase's motion to dismiss and strike. (Doc. No. 23.) On June 14, 2010, Chase filed a reply
5  in support of its motion to dismiss and strike. (Doc. No. 25.)

6  The Court determined this matter is appropriate for resolution without oral argument
7  and submitted the motion on the parties' papers pursuant to Local Civil Rule 7.1 (d)(1). (Doc.
8  No. 24.) For the reasons set forth below, the Court grants in part and denies in part Chase's
9  motion to dismiss and denies Chase's motion to strike.

## BACKGROUND

11  Plaintiffs' SAC alleges violations of California's Rosenthal Fair Debt Collection
12  Practices Act ("Rosenthal Act"), Cal. Civil Code § 1788 et seq., violation of California Civil
13  Code section 1785.25(a), and invasion of privacy. (SAC.) Plaintiffs allege that they incurred
14  a debt with Defendants and that on March 8, 2009, Plaintiffs retained the Doan Law Firm, LLP
15  to represent Plaintiffs with respect to the debt. (Id. ¶¶ 23, 24.) Plaintiffs allege that,
16  notwithstanding actual knowledge of the disputed liability on the debt, "Defendants willfully,
17  intentionally, consistently and purposely represented each month to credit reporting agencies
18  that the debt was not disputed by the Plaintiffs" from March 2009 through present. (Id. ¶ 50.)
19  Additionally, Plaintiffs allege that, despite knowledge of attorney representation, Defendants
20  intentionally, willfully, deliberately, and knowingly communicated with Plaintiffs regarding
21  the alleged debt. (Id. ¶ 53.) Specifically, Plaintiffs allege that Defendants were responsible
22  for sixty-six unlawful communications between March and October 2009. (Id. ¶ 58.)

## DISCUSSION

24  **I.    Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)**

25  A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests
26  the legal sufficiency of the claims asserted in the complaint. Navarro v. Black, 250 F.3d 729,
27  732 (9th Cir. 2001). Rule 8(a)(2) requires that a pleading stating a claim for relief contain "a
28  short and plain statement of the claim showing that the pleader is entitled to relief." The

function of this pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. A complaint does not "suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "All allegations of material fact are taken as true and construed in the light most favorable to plaintiff. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." Epstein v. Wash. Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996); see also Twombly, 550 U.S. at 555.

**A.   Invasion of Privacy**

Plaintiffs' tenth cause of action is for invasion of privacy. (SAC ¶¶ 155-171.) "[T]he action for intrusion has two elements: (1) intrusion into a private place, conversation or matter, (2) in a manner highly offensive to a reasonable person." Taus v. Loftus, 40 Cal. 4th 683, 725 (2007) (quotation marks and citation omitted). "While what is 'highly offensive to a reasonable person' suggests a standard upon which a jury would properly be instructed, there is a preliminary determination of 'offensiveness' which must be made by the court in discerning the existence of a cause of action for intrusion." Deteresa v. American Broad. Co., Inc., 121 F.3d 460, 465 (9th Cir. 1997) (quoting Miller v. Nat'l Broad. Co., 187 Cal. App. 3d 1463 (1986)).

> "In determining the 'offensiveness' of an invasion of a privacy interest, common law courts consider, among other things: the degree of the intrusion, the context, conduct and circumstances surrounding the intrusion as well as the intruder's motives and objectives, the setting into which he intrudes, and the expectations of those whose privacy is invaded."

Id. (quoting Hill v. Nat'l Collegiate Athletic Ass'n, 7 Cal. 4th 1 (1994)). Considering these

factors and the allegations in Plaintiffs' SAC, the Court concludes that Plaintiffs have not alleged facts to show that Chase's alleged intrusion would be highly offensive to a reasonable person. Plaintiffs allege that Defendants intruded upon their privacy by continuing to communicate with Plaintiffs after receiving cease and desist notices. (SAC ¶ 158.) Additionally, Plaintiffs allege that Defendants interrupted Ms. Hamberg, that Chase "used intimidating language," and that Defendants attempted to make Plaintiffs feel guilty for exercising their right to file for bankruptcy. (Id. ¶¶ 164, 166.) These allegations and the others contained in Plaintiffs' SAC, without more, fall short of showing that Chase's contacts would be highly offensive to a reasonable person. Accordingly, the Court concludes that Plaintiffs have failed to plead facts sufficient to state a claim for invasion of privacy and grants Chase's motion to dismiss Plaintiffs' tenth cause of action with leave to amend.

**B.    Newly Alleged Rosenthal Act Violations**

Plaintiffs' third and seventh causes of action allege violation of California Civil Code sections 1788.17 and 1788.11(d) and were added for the first time in Plaintiffs' SAC. (See SAC ¶¶ 103-112, 136-143.) Chase argues that the Court should dismiss these claims because they were added to the SAC without leave of Court. (Doc. No. 22-1 at 11.) In the Court's April 5, 2010 order granting Chase's motion to dismiss, the Court ordered that "Plaintiffs may file an amended complaint curing the highlighted deficiencies within thirty days of the issuance of this order." (Doc. No. 18 at 9.) The Court did not provide Plaintiffs with leave to add additional causes of action, but merely to correct the deficiencies in the causes of action alleged in their FAC. (See id.) To comply with the requirements of Federal Rule of Civil Procedure 15, Plaintiffs should have obtained Defendants' consent or filed a motion for leave to add new causes of action to their SAC. See Fed. R. Civ. P. 15(a). Nonetheless, Plaintiffs' third and seventh causes of action appear to be adequately pled and Chase has not moved to dismiss them on any ground other than Plaintiffs' failure to obtain leave of Court. Accordingly, dismissing Plaintiffs' new causes of action and requiring them to file a motion for leave to amend would waste time and resources. The Court therefore denies Chase's motion to dismiss Plaintiffs' third and seventh causes of action.

**II.    Motion to Strike Pursuant to Fed. R. Civ. P. 12(f)**

Pursuant to Federal Rule of Civil Procedure 12(f), "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).  A motion to strike may be used to strike any part of the prayer for relief when the damages sought are not recoverable as a matter of law. Bureerong v. Uvawas, 922 F. Supp. 1450, 1479 n.34 (C.D. Cal. 1996).

**A.    Rosenthal Act Statutory Damages**

Plaintiffs' SAC seeks statutory damages of $1,000 per violation of the Rosenthal Act. (SAC, prayer for relief.)  The Rosenthal Act provides that:

> Any debt collector who willfully and knowingly violates this title with respect to any debtor shall, in addition to actual damages sustained by the debtor as a result of the violation, also be liable to the debtor only in an individual action, and his additional liability therein to that debtor shall be for a penalty in such amount as the court may allow, which shall not be less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000).

Cal. Civ. Code § 1788.30(b).  Chase moves to strike Plaintiffs' requests for damages arguing that section 1788.30(b) only allows Plaintiffs to recover up to $1,000 per action for alleged violations of the Rosenthal Act. (Doc. No. 22-1 at 12-13.)  Chase, however, has failed to cite any binding authority to support its interpretation of the statute. (See Doc. Nos. 22-1 at 12-13 & 25 at 6-8.)  Accordingly, the Court concludes that Chase has failed to meet its burden of showing that Plaintiffs' requests for damages are not recoverable as a matter of law and denies Chase's motion to strike without prejudice.

**B.    New Requests for Damages**

Chase also seeks to strike Plaintiffs' requests for damages to the extent Plaintiffs impermissibly increased the amount of damages claimed in their SAC without stipulation or leave of Court. (Doc. No. 22-1 at 11-12.)  For the reasons discussed with respect to Chase's

motion to dismiss Plaintiffs' third and seventh causes of action, the Court denies Chase's motion to strike.

## CONCLUSION

For the reasons set forth above, the Court grants in part and denies in part Chase's motion to dismiss. The Court grants Chase's motion to dismiss Plaintiffs' claim for invasion of privacy with leave to amend and denies Chase's motion to dismiss Plaintiffs' third and seventh causes of action. The Court denies Chase's motion to strike without prejudice. Plaintiffs may file an amended complaint curing the highlighted deficiencies within thirty days of the issuance of this order.

**IT IS SO ORDERED**.

DATED: June 22, 2010

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:

All parties of record